*GEORGE MOODY and ELIZABETH MOODY,          [297]
  Wife, Respondents, v. ANGUS McDONALD,
  Appellant.

[1]Negligence — Measure of Damages.—In cases of simple negligence, the rule
    governing the measure of damages is to allow the actual damages. The allow-
    ance of "smart money" in such cases is improper.

Verdict, what Constitutes —The Court should direct the verdict of a jury to be
    as rendered by it. That will be treated as the verdict which the jury actually
    brings in.

Appeal from the Superior Court of the City of San
Francisco.

This was an action brought by plaintiffs to recover dam-
ages from the defendant for injuries sustained by plaintiff's
wife, on the 23d day of June, 1853, by reason of the care-
lessness and negligence of the defendant, by his agents and
servants, in recklessly and improperly discharging a blast,
at defendant's stone quarry, and by neglecting to give
proper notice thereof.    The damages were laid at $3,000.

Defendant denied all the allegations of the complaint.

The cause was tried on the 15th day of September, 1853.
After the evidence on both sides was offered, the Court
charged the jury that they must render a verdict for the
plaintiffs, etc.   If the jury believed that due diligence and
care were not exercised, they were at liberty to give smart
money; if the jury, however, believed that due diligence
and care were used, the jury are not to give punitive dam-
ages.    The defendant excepted to the charge of the Court.
The jury came into Court, and upon being asked how they
found, the foreman stated that they found for the plaintiff
in the sum of $5,000; $2,500 for actual damages, and $2,500
for smart money.

The defendant's attorney requested the Court to direct
the Clerk to record the verdict as rendered by them.    The
Court stated that the verdict must be recorded entire, and
declined to direct the Clerk to record it as given in.    The

[1] Cited in Goddard v. Grand Trunk Railway, 57 Me. 256.   See 16 Wall. 388.

foreman of the jury then stated that their verdict [298] was for the plaintiffs, in *the sum of $5,000. The defendant excepted to the ruling of the Court in refusing to have the verdict recorded as the jury first rendered the same.

Plaintiffs' counsel filed a *remittitur* for the sum of $2,000 over and above the $3,000 damages laid in the complaint, and took judgment for $3,000 damages and costs, against the defendant, who moved for a new trial, which was denied; whereupon he appealed from the judgment and the order refusing a new trial.

*Burritt & Gorham*, for Appellant.

The pursuit of the appellant was a lawful one. The true rule in such cases is laid down in 21 Wend. 618. One so engaged, accidentally doing damages, is not responsible, unless the injury was the result of his negligence, or done wilfully. (8 Wend. 472; 8 John, 92.) No negligence was shown. Even if there had been negligence, the jury could not give smart money. The injury to the plaintiffs was all they claimed redress for; not punishment to the defendant. (See Law Reporter for 1847.) Vindictive damages are not authorized when there is no malice, and this rule applies equally to cases of injury to persons as well as to property. (13 Johns. 131; 23 Wend. 425; Baldwin C. C. R. 142; 9 Barn. & Cress. 725; 4 Carr. & Payne, 161; Sedgwick on Damages, 548–9, 570.)

*Samuel H. Dwinelle*, for Respondents.

The defendant was liable, even if negligence had not been alleged or proved. (2 N. Y. 160, and cases there cited.) When there is conflicting evidence on a point submitted to a jury, their verdict will not be disturbed. (1 Cal. 373; 2 Ib. 17.) This Court have held that vindictive damages, *i. e.*, smart money, may be given in a civil action for a personal injury. (2 Cal. 54; Sedgwick on Damages, 453, 468, and cases cited.) The power to grant new trials is one of legal

discretion, and only the abuse of it would justify an appellate Court in interfering with such order.    (2 Cal. 177; Ib. 348.)   There was no such abuse in this case.

*Mr. J. Heydenfeldt delivered the opinion of the    [299] Court.   Mr. Ch. J. Murray and Mr. Justice Wells concurred.

The Court erred in laying down the measure of damages. In cases of negligence simply, the rule is to allow the actual damages.    The Court should also have recorded the verdict as it was rendered by the jury, and as the record discloses how it was rendered, we must treat that as the verdict which the jury actually brought in.

How then does the case stand?   The jury find $2,500 actual damages, and $2,500 smart money.   The award of smart money, under the charge of the Court, suffices to convict the defendant of negligence, and entitles the plaintiff to recover the actual damage; and the latter having been separately ascertained by the verdict, the case is free from every difficulty, and judgment should have been rendered for the plaintiffs for that amount only.

The judgment is reversed, and judgment here rendered for the plaintiffs for the sum of twenty-five hundred dollars and the costs of the Court below.

Motion for a rehearing was denied.