MORFORD v. WOODWORTH.

Trespass on the case for a nuisance. The declaration stated that, on, &c., at, &c., the defendant was the possessor and occupier of a messuage and appurtenances in the town of, &c., adjoining a public street, in which there was a hole or pit leading to the defendant's cellar, which the defendant wrongfully left open and uncovered, into which the plaintiff fell while passing in the night, by which his leg was broken, &c. *Held*, that the declaration was not objectionable for not stating that the nuisance was unknown to the plaintiff when the injury happened.

That an instruction was given to the jury which is abstractly erroneous, is not sufficient to reverse the judgment, if, under the facts of the case, the party excepting was not injured by it.

The jury were instructed, in the present case, that they might give exemplary damages. The evidence showed that the defendant had acted with due care and prudence, and that had his directions to his workmen been followed, the injury would not have occurred. It was *held*, under the circumstances of the case, that the instruction was wrong.

APPEAL from the *Fountain* Circuit Court.

GOOKINS, J.—*Woodworth*, the appellee, brought an action on the case against *Morford*, the appellant, for a nuisance. The declaration states that, on, &c., at, &c., the defendant was the possessor and occupier of a messuage and appurtenances in the town of *Attica*, adjoining a public street, in which there was a hole or pit leading to the defendant's cellar, which the defendant wrongfully left open and uncovered, into which the plaintiff fell while passing in the night, by which his leg was broken, with the usual averments of expense for medical treatment, pain, sickness, inability to labor, &c. The declaration was filed before the taking effect of the practice act of 1852. The subsequent proceedings were had under that act.

To this declaration the defendant demurred, because it was not alleged that the nuisance was unknown to the plaintiff; and the case of *The President, &c., of the Town of Mt. Vernon* v. *Dusouchett*, 2 Ind. R. 586, is relied on in support of the demurrer. It is properly said, in that case, that if a person knows of an obstruction in a street, and is injured in attempting to pass in the darkness of night, he takes the risk upon himself, and can maintain no action

Nov. Term,
1855.

MORFORD
v.
WOODWORTH.

for the injury; but the count in that case, stated the plaintiff's previous knowledge of the obstruction, which this does not. The plaintiff's ignorance of the obstruction was a negative, which he could not have proved had he alleged it. His knowledge of it was a matter of defence; and it was properly averred in the answer, upon which issue was joined, so that the defendant had the full benefit of the question before the jury. The count, in this case, is drawn after one of Mr. *Chitty's* precedents; 2 Chit. Pl. 281; and we think it sufficient. The demurrer was correctly overruled.

The answer contains a general denial; alleges, by way of counterclaim, that the defendant expended large sums of money, labor, goods, &c., for the plaintiff during his confinement; states that he was putting a cellar under his house, with which he proceeded diligently, and that the pit was a necessary excavation for that purpose; that the plaintiff knew of it and fell into it of his own carelessness; and that it was light enough, when the injury occurred, to have enabled the plaintiff, with proper diligence, to have seen and avoided it. These allegations were traversed by the reply, and upon a trial of the issues, there was a verdict for the plaintiff for 500 dollars. Motion for a new trial overruled, and judgment. The record contains the evidence.

Two questions arise upon instructions to the jury excepted to by the defendant.

The jury were instructed that if they believed the counterclaim of the defendant proved, in connection with the evidence as to the time and manner of its advancement, it would go in mitigation of the plaintiff's damages, but would not bar the action.

The counterclaim proved consisted of labor done by the defendant for the plaintiff, and goods, fuel, provisions, the payment of the rent of his house, and other like necessaries furnished during the plaintiff's confinement, amounting to 219 dollars and 25 cents.

A counterclaim is defined to be any matter arising out of or connected with the cause of action, which might be

the subject of an action in favor of the defendant, or which
would tend to reduce the plaintiff's claim or demand for
damages.  2 R. S. 1852, p. 41, s. 59.

Whatever might be the fate of this instruction, as an
abstract question of law, we think that, as applied to the
facts of the case, the appellant can not complain of it.
The proof shows that the plaintiff's leg was very badly
broken; that he was disabled from labor for about seven
months; that his occupation was that of a moulder in a
foundry, where his wages were a dollar and a half per
day; that his physicians' bills would amount to 40 dollars
for setting the limb, besides the subsequent attendance,
which was proved to have been rendered for several
months; and on these points there was no conflicting tes-
timony.  To say nothing of the pain and suffering occa-
sioned by the injury, these sums would considerably ex-
ceed the counterclaim proved, in reference to which, also,
the evidence was without conflict.  The jury were told, in
effect, that although they might find the counterclaim fully
proved, it would not, under the attending circumstances,
bar the action.  Whether in any case a counterclaim, aris-
ing as it does out of the plaintiff's demand, would be a bar,
we do not think it necessary to decide.  Admitting that it
will, this instruction furnishes no ground for reversing the
judgment, for we have frequently decided, that although
abstractly an instruction may be erroneous, still if, under
the facts of the case, the party who excepts is not injured
by it, the judgment will not be reversed.

The other instruction excepted to presents a question of
more difficulty.  The jury were told that they might give
exemplary damages.  From the evidence, it appears that
while carrying on the work, the defendant had used all
proper care until the night of the accident; that a small
aperture had been made for the purpose of putting the
stone in the cellar, until it became necessary to excavate
the cellar-way for the purpose of walling it up; that it had
been by his instructions safely covered until that night;
that the defendant went from home in the morning, being
assured by his workmen that the cellar-way would be

Nov. Term, 1855.

completed, and the doors placed upon it that day; that the workmen did not finish it that day, and left it uncovered without the defendant's knowledge.

It was decided by this Court in the case of *Taber* v. *Hutson*, 5 Ind. R. 322, that in an action of trespass for an assault and battery, the plaintiff was not entitled to exemplary damages. That was a much stronger case for exemplary damages than the present. Independently of that authority, we think the defendant did nothing in this case which would make it proper to inflict damages upon him as an example to others in like case offending. He is shown to have acted with all due care and prudence, and had his directions been followed, the accident would not have occurred. We think the instruction that the jury might give exemplary damages, erroneous, for which the judgment of the Circuit Court must be reversed.

*Per Curiam.*—The judgment is reversed. Cause remanded, with instructions to the Circuit Court to grant a new trial, with costs to abide the event of the suit.

*S. C. Willson* and *J. E. McDonald*, for the appellant.

