Francis X. Hazman, Respondent, *v.* The Hoboken Land and Improvement Company, Appellant.

It is the duty of a ferry company not only to carry its passengers safely, but not to injure them by any act of carelessness or negligence. It is negligence for its employes to order teams to pass off its boat before the bridge, prepared for that purpose, is properly adjusted.

Plaintiff was passing on to one of defendant's ferry-boats. In consequence of the crowd moving off the boat he was obliged to step upon the stringer, separating the passage from the carriage way. Plaintiff's witnesses testified that before the bridge was adjusted to the level of the boat, and while it was some eight or nine inches above it, defendant's employes dropped the chain and ordered the teams to pass off. A horse, attached to a heavily laden cart, in attempting to do so, struck his foot against the bridge and fell; the shaft of the cart struck plaintiff and broke his leg. The jury found a verdict for plaintiff.

*Held,* that ordering the teams from the boat before the bridge was properly adjusted was a negligent act, likely to produce the result which followed to the horse; that it was not negligence, as matter of law, for the plaintiff to be going upon the boat, according to the usual custom, before those disembarking had all passed off, nor, under the circumstances, to be standing upon the stringer; and that the evidence was, therefore, sufficient to go to the jury and to sustain their finding.

It is not indispensible that the particular circumstances relied upon to prove a fact should be contradicted in order to dispute the fact itself. If other circumstances appear in the case in antagonism with the alleged fact, it is the province of a jury to determine whether the fact is proved.

(Argued June 5, 1872; decided June 20, 1872.)

Appeal from judgment of the General Term of the New York Common Pleas, affirming a judgment in favor of plaintiff entered upon a verdict, and affirming an order denying a motion for a new trial.

This action was brought to recover for an injury to plaintiff

while a passenger upon one of defendant's ferry-boats. Plaintiff resided at Hoboken and was engaged in business in New York. On the 9th April, 1864, as defendant's ferry-boat landed at New York, plaintiff, with others, went on to the boat. He was met by the outgoing passengers and was crowded upon the string-piece separating the passage way from the carriage way. At that moment, as plaintiff's witnesses testify, the chainman, an employe of the defendant, withdrew the chain in front of the carts on board and directed the cartmen to drive out. The drivers following his directions urged their horses toward the bridge, which being about eight or nine inches higher than the level of the boat, the first horse attached to a heavily laden cart struck his feet against the step thus formed, and as a consequence fell. The shaft of the cart struck the plaintiff and crushed his leg. Other evidence appears in the opinion.

*John K. Porter* for the appellant. Plaintiff holds the burden of establishing that he was not, and defendant was, guilty of contributory negligence. (*Deyo* v. *N. Y. C. R. R. Co.*, 34 N. Y., 9; *Curran* v. *Warren Chemical Co.*, 36 id., 156; *Le Baron* v. *East Boston R. R. Co.*, 11 Allen [Mass.], 312.) Defendant was not guilty of negligence. (*Nicholson* v. *Erie R. Co.*, 41 N. Y., 524, 534; *Cornman* v. *Eastern R. Co.*, 4 H. & N., 781, 785, 787; *Toomey* v. *London R. Co.*, 27 L. J., part 2 [C. P.], 39, 40; *Beisiegel* v. *N. Y. C. R. R. Co.*, 40 N. Y., 15; 8 C. B. R. [N. S.], 573; 98 E. C. L., 566; S. C., 34 N. Y., 14; 10 Bos., 185; *Siner* v. *Gt. W. R. R. Co.*, L. R. Exch., 3, 150; *Ryan* v. *Roch. R. R. Co.*, 9 How. Pr., 455, 456.) Plaintiff contributed to the injury and he cannot recover. (*Grippen* v. *N. Y. C. R. R. Co.*, 40 N. Y., 51; *Griffin* v. *Mayor of N. Y.*, 9 id., 460; *Wilds* v. *H. R. R. R. Co.*, 24 id., 430; *Gonzales* v. *Harlem R. R. Co.*, 38 id., 443; see, also, *Skelton* v. *London R. R. Co.*, Law R., 2 C. P., 631; *Baxter* v. *T. and B. R. R. Co.*, 41 N. Y., 503; *Barker* v. *Savage*, 45 id., 193–195; *Hinds* v. *Barton*, 25 id., 551; *Ginnon* v. *H. R. R. Co.*, 3 Robt., 26.)

*D. Pratt* for the respondent.   Defendant is responsible if any exercise of care and foresight on its part could have prevented the injury. (*Egerton* v. *N. Y. and Harlem R. R.. Co.*, 35 Barb., 193 ; *Stokes* v. *Saltonstall*, 13 Peters, 181 ; *Bartlett* v. *Third Av. R. R. Co.*, 45 N. Y., 628 ; *Caldwell* v. *Murphy*, 1 Duer, 241 ; *Gonzales* v. *N. Y. and Harlem R. R. Co.*, 39 How., 407 ; *Bartlett* v. *Third Av. R. R. Co.*, 45 N. Y., 628 ; *Alden* v. *N. Y. Central R. R. Co.*, 26 id., 102 ; *Bowen* v. *N. Y. Central R. R. Co.*, 18 id., 408.)   Defendant's motion for a nonsuit was properly denied. (*Stokes* v. *Saltonstall*, 13 Peters, 181, and cases cited ; *Cried* v. *Hartman*, 29 N. Y., 591 ; *Wilds* v. *H. R. R. R. Co.*, id., 315 ; *Bernhardt* v. *The Ren. and Sar. R. R. Co.*, 32 Barb., 165 ; *Buel* v. *N. Y. Central R. R. Co.*, 31 N. Y., 319 ; *Ernst* v. *The Hudson River R. R. Co.*, 35 id., 9 ; S. C., 39 id., 61 ; *Cook* v. *N. Y. Central R. R. Co.*, 3 Keyes, 476 ; *Dickens* v. *Same*, 1 id., 23 ; *Jelter* v. *N. Y. and Harlem R. R. Co.*, 2 id., 154 ; *Gonzales* v. *N. Y. and Harlem R. R., Co.*, 39 How., 407 ; *Barret* v. *Third Ave. R. R. Co.*, 45 N. Y., 633, opinion by Judge ALLEN.)

CHURCH, Ch. J.   The plaintiff was injured while a passenger on the defendant's ferry boat, to be carried from New York to Hoboken, and the jury have found that the injury was occasioned by the defendant's negligence ; and that the plaintiff was guilty of no negligence which contributed to it; and the General Term of the Common Pleas, who had power to review the facts as well as the law, has affirmed the judgment.

This court is now asked to reverse the judgment upon both questions, viz., whether the defendants were guilty of negligence, and whether the plaintiff was free from it.   We have no power, as the General Term had, to review the facts for the purpose of determining whether the verdict was against the weight of the evidence : and can only do this to ascertain whether there was any evidence in the case which could legitimately justify the verdict.   If any view of the facts which

the jury would be justified in taking would warrant the conclusion arrived at by them, this court cannot interfere, although we might, if we had power to determine the question as a fact, arrive at a different conclusion.

These general rules are so well settled, and have been so often reiterated by this court, that it is quite unnecessary to cite authorities, and it seems almost superfluous to state them. It is equally well settled that a verdict without any evidence to sustain it, or against evidence, is an error in law which may be reviewed in this court; and we are called upon to look into the evidence in this case for the single purpose of ascertaining whether there are any facts proved upon which the jury could found their verdict. First, as to the negligence of the defendants. It is unnecessary to inquire whether the kind of bridge used was the safest and best adapted to the purposes of a ferry, or whether a float bridge is superior to a chain bridge; or whether a combination of both is not superior to either; or whether there should be two passage ways, one for ingress and the other for egress, so as to prevent crowding and jostling among passengers going into and coming out of the boat. The same rule is applicable to the defendant as to all other carriers of passengers, that the utmost care, skill and vigilance is to be exercised in all the machinery and arrangements connected with its boats, and in the management of them; and if any injury occurs in consequence of the neglect or failure to exercise such care, it is liable to the injured party. But the bridge used by the defendant, whether the best kind or not, was amply sufficient and perfectly safe if properly managed. The accident cannot be charged, legally, to the structure of the bridge. It did not fail in any way. Nor did the single passage way or its restricted dimensions, or the arrangements for passing on and off the boat, cause the injury ; and I do not think the evidence in relation to any of these facts would establish the defendant's negligence, or justify a verdict against it. The charge of negligence rests upon the improper management of the bridge, and the premature

order for the carts and teams to drive off. It is claimed by the plaintiff that, before the bridge was adjusted to the level of the boat, and while it was seven or eight inches higher than the floor of the passage way, the chain was thrown down and the order given to the teams to " drive out;" and that a horse, attached to a cart heavily laden, in attempting to get on to the bridge, stumbled against it, and fell in a way which struck and broke the plaintiff's leg with the shaft of the cart. These facts are positively sworn to by one witness, substantially by another, and are partly corroborated by other evidence. The defendant insists that the bridge was properly adjusted on a level with the floor of the passage way, or as nearly so as was practicable, and that the injury was caused by the slipping of the horse on the wet plank, and not by the stumbling against the bridge left unadjusted by its employes; and evidence was given to establish these facts. The defendant may be right as a question of fact; but can we say that it is right as a matter of law, against the verdict of the jury and the opinion of the General Term? I know of no principle that would justify us in so determining. It is argued that the evidence of the plaintiff on this point is conclusively answered by the fact that the cart was subsequently run off by hand; that the boat and bridge were perfectly level at that time, and that no further adjustment of the bridge was made subsequent to the accident. If these facts were conceded they would, of course, establish that there was no discrepancy between the bridge and the boat at the time of the accident. If they were even five or ten minutes after, and had not been altered, they must have been level at the time.

A witness testified that the bridge was not adjusted after the accident, and no witness testified that it was; but is the fact, therefore, undisputed? It is not indispensable that the particular circumstance relied upon to prove a fact should be contradicted in order to dispute the fact itself. Two witnesses had sworn positively that there was a difference of eight inches between the boat and bridge at the time the horse fell,

and that evidence is in direct conflict with the circumstance sworn to by the witness, that the bridge was not adjusted after the accident. Assuming that the boat and bridge were on a level when the cart was run off by hand, the two facts above stated were in direct antagonism to each other. It is not a question of law to determine which fact was true. That was the province of the jury, and depended upon the credibility of the witnesses, their means of knowledge and the accuracy of their recollection. It is impossible to bring such a question within the range of questions of law. Other evidence, referred to in the argument, tends to prove that the horse slipped when he first started upon the wet deck, and that the bridge had no agency in his fall; but the jury has found against this evidence, and we are concluded by the finding.

It is argued in the elaborate brief of the learned counsel for the appellant that it was under no legal obligation to provide precautions against the possibility of horses slipping or stumbling and injuring a passenger, any more than the city would be liable for an injury by a horse stumbling in Broadway though the inequalities of the street. As a general rule, the city would be liable for an injury occasioned by the streets being out of repair; but there are exceptions and qualifications to this rule of liability which do not apply to the liability of the defendant.

It may be conceded that the defendant would not be liable for an injury by the slipping of a horse on the boat, which it had in no manner caused. The plaintiff was rightfully on the defendant's boat as a passenger, and it owed him a duty, not only to safely carry him, but not to injure him by any act of carelessness or negligence. The bridge was capable of adjustment with the boat, and should have been so adjusted before the order was given for the teams to pass off. To force a horse, attached to a heavily laden cart upon a slippery deck, to mount a perpendicular lift of eight inches was not only unnecessary, but, from the nature of the act, improper and dangerous. It was a careless, needless act,

likely to produce the result which followed to the horse; and
if, in producing that result, the plaintiff was injured without
his fault there is no principle which will relieve the defend-
ant from liability.   It is as liable for negligently causing
a horse to fall on him as it would be for negligently causing
a stick of timber or any article of freight, which was being
removed from the boat, to fall on him.   Upon the theory of
the plaintiff, which the jury has adopted, the injury was the
direct consequence of the defendant's negligent act.   The
case cited of *Common* v. *Eastern R. Co.* (4 H. & N., 781) is
very different from this.   There the plaintiff, either through
his own carelessness or from being pressed by the crowd, fell
against a portable weighing machine for weighing baggage,
standing on the platform in plain sight; and the court held
that there was no evidence of negligence to go to the jury;
" the machine being in a situation in which it might have
been seen, and the accident not being shown one which could
have been reasonably anticipated."   This would be an autho-
rity if the horse had slipped and fallen on the plaintiff with-
out the negligent agency of the defendant at the time, or if
the crowd had pressed the plaintiff against the stringer and
injured him.   It might be said that the general arrangement
which made such an accident possible was not legal negli-
gence on the part of the company; but the case has no appli-
cation where the defendant's immediate negligence caused
the act which produced the injury.   Neither has the rule,
laid down in *Cotton* v. *Wood* (98 Eng. C. L., 566), any appli-
cation to the facts found by the jury in this case.   There the
facts were undisputed, and the court held that there was no
proof of negligence against the omnibus driver, and, at all
events, the negligence of the plaintiff could as well be predi-
cated of the facts as of the defendant; and in such a case the
plaintiff must fail.

*King* v. *Manchester R.* (12 Jur. [N. S.], 525) might have
some bearing if the negligence in this case was based upon
the restricted passage way.   There was no evidence in that
case that the platform was not perfectly safe for persons to

walk single file, and the court held that sufficient; and, besides, the court said that "drinking, no doubt, prevented the parties from exercising due care."

The case of *Bridges* v. *North So. R. Co.* (19 Weekly Reporter, 824) was where the plaintiff, upon the stopping of the train, from defective vision, stepped out of the car on to a heap of rubbish, mistaking it for the platform. The question was whether the calling out of the name of the station was an invitation to alight. The court held that it depended on circumstances, but that it was not an invitation to the passenger to shut his eyes and jump " in blind expectation of alighting on a platform of the usual construction;" but it has no special relevancy to any question in this case. *Ryan* v. *Rochester R. R. Co.* (9 How. Pr. R., 453), was decided upon the ground that the defendant was under no obligation to the plaintiff to build a fence.

No case has been cited that will relieve the defendant from the charge of negligence, and consequent liability, under the facts found by the jury in this case. Each case must be adjudged by its own circumstances, which are as various as the cases themselves; and sometimes a slight difference will vary the rule proper to be applied.

The question of contributory negligence is also urged as a question of law. There are acts done, or omitted to be done, which constitute negligence in law. A familiar instance is that of a person approaching a railroad crossing, who omits to look or listen for trains. Ordinary prudence and the exercise of that care which every person does and ought to feel for his own safety would naturally dictate the use of his senses, at least to avoid danger. If he does not he is careless and negligent. But this rule cannot be applied to this case. It cannot be claimed as a matter of law that the plaintiff was negligent in going to the boat, when he went according to the usual custom and course of business. The defendant had the power to regulate the manner of receiving and discharging passengers, and it cannot complain that the plaintiff acted in accordance with the rules and custom prescribed by it.

(See *Keating* v. *N. Y. C. R. R. Co.*, 49 N. Y., 673.)
Nor was it negligence in law to step upon the stringer
to allow the outgoing passengers to pass. It was not neces-
sarily or ordinarily a place of danger, and the plain-
tiff had no reason to apprehend such an accident as occurred.
If, while standing there, he had been injured by an outgoing
team, which he could have avoided by looking, he would
have been guilty of contributory negligence. He had no
more reason to anticipate the falling of this horse upon him
than he would the falling of the flag-staff, and was not called
upon to exercise any particular care to avoid it.

The judge properly submitted it to the jury as a question
of fact whether, under the circumstances, he was in fault.
No authority of any court can be found holding this to be
error.

The other exceptions were not insisted upon, and none of
them present any substantial ground of error.

The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.