ADAM P. BALDWIN *v.* THE NEW YORK & HARLEM NAVIGATION COMPANY.

Where damages which, though the natural consequences of an act, are not necessarily the result of it, are sought to be recovered, they must be specially alleged in the complaint. Such allegation of damage is not traversable matter, but must be inserted in the complaint, in order that the defendant may be prepared with evidence to rebut the proof offered of such damage, or the amount or extent of it.

If averments of such special damage are not originally inserted in the complaint, the judge may allow it to be done by amendment on the trial, when no injury will result to the defendant from it.

It will be assumed on appeal that the defendant was not injured by the allowance of the amendment, where the defendant at the trial merely made a general objection, but did not state any particulars in which he would be injured, such as showing the absence of witnesses who might have been procured, &c.

The practice recognized and acted upon in *Miller* v. *Garling* (12 How. Pr. 203), approved to the extent of the rule above stated.

In an action against a steamboat company for negligence, whereby defendant, while passing along the gang plank from the wharf to the deck of a steamboat, was thrown into the water; *Held*, that plaintiff might show that since the accident the steamboat company had used a gang plank with handrails, and constructed with the design of preventing similar accidents.

Where it appeared that the accident was due to the negligence of a deck hand in pulling in the plank, without observing that plaintiff was on it, *Held*, that exemplary damages could not be given.

*It seems*, that if the deck hand had seen plaintiff standing on the plank, and had pulled it in with the intention of throwing him into the water, it would be a malicious act, for which the steamboat company would not have been liable.

APPEAL by defendants from a judgment of the general term of the Marine Court, affirming a judgment entered on the verdict of a jury.

Baldwin v. The New York & Harlem Navigation Company.

The action was to recover damages for the negligence of the defendants, whereby, as plaintiff was passing along the plank or platform extending from the pier to defendants' boat, the plank was suddenly withdrawn, and plaintiff precipitated into the water.

On the trial, the plaintiff was allowed (against defendants' objection) to amend his complaint by inserting an allegation that, in consequence of the occurrence, he " was prevented and incapacitated from attending to his business." The other facts necessary to an understanding of the case are stated in the opinion.

*Henry H. Anderson*, for appellants.

*A. D. W. Baldwin* and *A. R. Lawrence, Jr.*, for respondent.

By THE COURT.*—DALY, CH. J.—Where the damages, though the natural consequences of the act complained of are not necessarily the result of it, they must be particularly specified in the complaint, that the defendant may not be taken by surprise. It is not traversable matter, but must be inserted in the complaint, that the defendant may be prepared with evidence to rebut the proof offered of such special damage or the amount or extent of it (*Molony* v. *Dows*, 15 How. Pr. 265 ; *Squier* v. *Gould*, 14 Wend. 159 ; *Vanderslice* v. *Newton*, 4 N. Y. 130). The amendment allowed was an averment of this nature (*Strang* v. *Whitehead*, 12 Wend. 64), and a judge may allow such an amendment upon the trial when no injury will result to the defendant from it (*Miller* v. *Garling*, 12 How. 203). It is in the discretion of the court (*Lounsbury* v. *Purdy*, 18 N. Y. R. 521), and if any injury will arise by allowing such an amendment, such as the absence of witnesses who would have been present had the complaint originally contained such an averment, it is incumbent upon the defendant to advise the court of the situation in which he will be placed if the amendment should be allowed and proof given under it. Where he

* Present, DALY, CH. J., ROBINSON, and J. F. DALY, JJ.

does nothing of the kind, but simply interposes a general objection, I do not think that he is entitled to a new trial, for it may be reasonably assumed, that if any injury arose from allowing the amendment, he would have stated it to the court, and that the court would not allow him to be taken by surprise. To this extent I approve of the practice recognized and acted upon in *Miller* v. *Garling*, *supra*.

There was no error in allowing the plaintiff to show that the defendants, since the occurrence of this accident, use a different kind of gang plank, with large guards upon the side of it to prevent accidents like the one which took place in this case. Evidence of this description was allowed in *Hazman* v. *The Hoboken Land*, *&c. Company*, a case in this court recently affirmed in the Court of Appeals (50 N. Y. 53).

The judge charged the jury that they might give damages to the full extent of the jurisdiction of the court, if they were satisfied that the accident was the result of the intentional, willful, or malicious conduct of the defendants's ervant or servants. This was instructing them that they might, if they came to that conclusion, give exemplary or punitory damages ; and that the jury were influenced by this part of the judge's charge, is inferable from the fact that they gave damages to the full extent of the jurisdiction of the court.

There was nothing in the evidence to warrant any such conclusion, or to call for such instruction, and it was specially objected to by the defendants. The question in the case was, whether the boat-hand pulled the gang plank from the string piece whilst the plaintiff was on the plank, in the act of going on board the steamer as a passenger, or whether the plaintiff heedlessly, it being somewhat dark, stepped upon or attempted to get on it, after it was separated from the string piece of the wharf, and whilst the defendants' servants were in the act of drawing it into the boat, not perceiving that they were doing so, and not hearing, being somewhat deaf, the precautionary warning that was given, and which was heard by one of his own witnesses.

If the latter were the true state of facts, the plaintiff himself was the sole cause of the accident, but if it was otherwise,

if, as he testified, after he had got two or three steps on the plank, it was suddenly jerked in, and the consequence was that he was thrown into the water, then the utmost that can fairly be inferred is, that it was an act of negligence on the part of the boat-hand ; the sudden pulling in of the plank without perceiving that there was a person upon it, which may have arisen from the darkness at that hour, or from the want of looking carefully before undertaking to draw in the plank. The order, "haul in the plank," had been given by the captain, and the plaintiff's own witness heard the man who dragged it in call out, "stand clear," so that a general warning was given, and there was nothing in the case from which it could in any way be inferred that the conduct of the boat-hand, in the language of the judge, was intentional, willful, or malicious. If it had been, that is, if the conduct of the servant proceeded from a willful or wanton design on his part to injure the plaintiff and imperil his life, by throwing him into the water, then it is doubtful, to say the least of it, if there could be any recovery at all against the employer, for though the drawing in of the plank was an act in the course of the servant's employment, the intentional drawing it in such a way as to toss the plaintiff in the water, was connecting with it a willful and wanton intention to injure for which the master may not be responsible (*Isaacs* v. *The Third Avenue Railroad Co.* 47 N. Y. 122 ; *Vanderbilt* v. *The Richmond Turnpike Company*, 2 N. Y. 479). But it is unnecessary to consider the question, as there was nothing in the evidence to warrant the conclusion that it proceeded from any such motive. To warrant the jury in awarding what is variously called punitory, vindictive, or exemplary damages, or damages beyond what will be compensatory, there must be something in the circumstances showing or affording some foundation for a conclusion on the part of the jury that there was either an intention to injure, or that gross and reckless disregard of person or property, which is equivalent to the same thing, being equally culpable. Such enhanced damages are given for the benefit of the community. They are inflicted by way of punishment, that they may operate as a restraint upon the defendant, and by way of example to

him and to all others, and therefore the plainest principles of
justice require that they should be imposed only in cases where
it is palpable that there was a design on the part of the defen-
dant or his servant to injure, or a consciousness of the probable
consequence of his act, and an indifference to the result, which
was equally reprehensible (*Wallace* v. *The Mayor of N. Y.* 2
Hilt. 440; *Morford* v. *Woodworth*, 7 Ind. 83; *Moody* v.
*McDonald*, 4 Cal. 297; *Jackson* v. *Schmidt*, 14 La. 806;
*Emblen* v. *Myers*, 6 Hurlst. & N. 54, 38; Mayne on Damage,
p. 13; Shearman & Redfield on Negligence, § 600, and note).
Nothing of the kind appeared in this case, and the judgment,
therefore, should be reversed.

Judgment reversed.