AUGUST GUEROLD v. HENRY C. HOLTZ.

*Pleading—Assignee of chose in action—Trial—Appeal—Replevin—
Demand—Verdict—Judgment—Instructions to jury—New trial.*

1. One of two partners, as successor of the firm, brought replevin
for a piano sold by the firm to the defendant upon a contract
reserving title in the firm until the purchase price should be
paid. On the trial the plaintiff testified without objection to
the purchase by him of the interest of his partner in the firm
business, and that he had succeeded to all the firm assets. No
question was raised by the defendant upon the trial, or upon his
motion for a new trial, as to the right of the plaintiff to re-
cover because of his failure to prove an assignment to him of
the contract. And it is held that the question cannot now
be considered.[1]

2. The court instructed the jury that if they found that, before
the suit was commenced, plaintiff demanded a return of the
piano, that such demand was refused, and that at that time
the defendant was in default, plaintiff was entitled to recover.
There was undisputed testimony to such demand and refusal,
and no question was raised on the trial as to the sufficiency
of the demand or of the proofs to support the instruction.
And it is held that the defendant cannot insist for the first
time on appeal that no demand was made.

3. The jury found generally in favor of the plaintiff, and, in re-
sponse to questions by the court, found further that $58 of the
purchase price of the piano was still due the plaintiff, and
that he had a lien upon the piano (which was not recovered
upon the writ) for that amount. The verdict, as entered, was
that the defendant did unlawfully detain the property, and
that the damages of such detention amounted to $58. A judg-
ment was entered upon the verdict, which, after reciting said
findings, adjudged that the plaintiff should recover said

---

[1] For cases bearing upon the questions of the necessity of aver-
ring the assignment of a chose in action in a suit thereon by the
assignee under How. Stat. § 7344, the sufficiency of such aver-
ment, and the estoppel of the debtor to object on account of its
absence, see *Morrill v. Bissell*, 99 Mich. 410, and note; *Robinson
v. Watson*, 101 Id. 466.

damages, together with his costs and charges to be taxed, and that he have execution therefor. And it is held:

*a*—That the entry of the verdict and judgment was not. warranted by the findings.

*b*—That the defendant is not prejudiced by the fact that the verdict was, in form, under How. Stat. § 8342,[1] which provides that "when either of the parties to an action of replevin, at the time of the commencement of the suit, shall have only a lien upon, or special property or part ownership in, the goods. and chattels described in the writ, and is not the general owner thereof, that fact may be proved on the trial, or on the assessment of value, or on the assessment of damages, in all cases arising under the chapter, and the finding of the jury or court, as the case may be, shall be according to such fact, and the court shall thereupon render such judgment as shall be just between the parties;" that the verdict disposes of all the questions growing out of the transaction, and in a manner most favorable to the defendant; that the judgment entry may be corrected so as to give plaintiff a judgment for the balance found to be due on the contract, with costs, and provide for the payment of said sum within a given time,— otherwise, that the property be delivered up and sold to satisfy such judgment, and that plaintiff have execution under How. Stat. § 8344, which provides that the execution to be issued upon a judgment rendered under How. Stat. § 8343, for the replevy and delivery to the plaintiff of property not recovered upon the writ, shall command the sheriff to levy the plaintiff's damages and costs of the goods and chattels, lands and tenements, of the defendant, as in other executions against property, and also to replevy the goods and chattels described in the declaration, which shall also be specified in the execution, and to deliver them to the plaintiff, if they can be found within the county, and, if not, then that he levy the value of such goods and chattels, specifying the same, together with the aforesaid damages and costs, of the goods and chattels, lands and tenements, of the defendant, as above provided.

**4.** The sole contention of the defendant on the trial was that nothing remained due under the contract of purchase; hence, that he was entitled to the possession of the piano. And it is held that his present contention that the jury determined no issue except that as to the amount due on the contract is untenable; that if the $58 was due, and defendant had re-

---

[1] For cases bearing upon the proper construction of and practice under How. Stat. § 8342, see *Upham v. Caldwell*, 100 Mich. 265, and note; *Olin v. Lockwood*, 102 Id. 443.

fused to pay it (which latter fact was not disputed), plaintiff was, under the contract, entitled to the possession of the piano upon demand therefor, and as a matter of law the detention was unlawful.

5. The verdict as entered is not conclusively presumed to be the verdict as rendered. The bill of exceptions, when filed, became a part of the record, and contains the action of the court prior to the time when the verdict was put in force by the clerk; and the entry made by him does not necessarily compel the Court to conclude that the bill of exceptions is in any respect untrue.

6. A defendant in replevin is not prejudiced by an instruction which, as he claims, fixes the value of the property as the measure of plaintiff's damages, where the jury assess no sum as damages.

7. Where the only ground urged in support of a motion for a new trial is newly-discovered evidence, and the same is merely cumulative, there is no abuse of discretion by the circuit judge in refusing the motion.

Error to Wayne. (Donovan, J.) Submitted on briefs November 20, 1894. Decided December 18, 1894.

Replevin. Defendant brings error. Reversed, and record remanded for judgment in accordance with the opinion. The facts are stated in the opinion.

*George C. Green (E. F. Bacon,* of counsel), for appellant.

*Brooke & Spalding,* for plaintiff.

McGRATH, C. J. Plaintiff, as successor of Guerold & Fairchild, brought replevin for a piano sold by said firm upon a contract reserving title in the vendors until the full price with interest was paid. The principal sum was paid, but a controversy arose as to a balance of interest amounting to $58. It was insisted by defendant that the piano was delivered under an oral contract, which did not contemplate interest, and that the written contract was afterwards presented, and executed by defendant in ignorance of the fact

that it contained a promise to pay interest. This seems to have been the sole question litigated, and upon that issue the jury found for plaintiff. No assignment is based upon the refusal of the court to give any charge requested by defendant's counsel.

The court instructed the jury that—

"If the jury find that the contract under which the piano was bought by the defendant was the contract produced by the plaintiff, and provided for the payment of interest; that the defendant broke the conditions of this contract; that possession of piano was thereupon demanded by the plaintiff, and refused by the defendant,—then the plaintiff is entitled to the possession of the piano in suit."

It is alleged that this was erroneous, for the reason that the contract was one between Guerold & Fairchild and defendant, and no assignment was proved. Plaintiff's testimony was that he had purchased his partner's interest in the business, and succeeded to all the firm assets. No question was raised upon this subject, either at the trial or upon the motion for a new trial, and the question cannot now be considered.

The court instructed the jury that if they found that, before the suit was commenced, plaintiff demanded a return of the piano, that such demand was refused, and that at that time defendant was in default, plaintiff was entitled to recover. It is now insisted that no demand was made. There was testimony that plaintiff demanded the piano, and that defendant refused to surrender possession; and such testimony was not disputed, nor was any question raised before either court or jury respecting the sufficiency of the demand, or the sufficiency of the proofs to support the instruction.

It is urged as error that the court instructed the jury that—

"If the jury find that the plaintiff is entitled to recover possession of the piano, they are also to determine from

all the evidence the value of the piano,—that I have already stated,—fix the damages for the unlawful detention."

It is alleged that this was error, for the reason that it fixes the value of the piano as the measure of damages. The piano had not been recovered under the writ. Plaintiff was therefore entitled, in addition to a judgment for damages and costs and for the delivery of the property, to have its value assessed by the jury. How. Stat. § 8343. The instruction was correct, except that it omitted the word "and" between the words "stated" and "fixed." This was a repetition of an instruction which had been given, wherein the court had separated the question of value and the question of damages for detention. In view of the fact that the jury assessed no sum as damages, the defendant was not prejudiced.

The entry, however, of the verdict and judgment, is not warranted by the finding of the jury. The jury found generally for plaintiff, and fixed the sum of $58 as the amount due plaintiff under the contract, and further found that he had a lien upon the piano for that amount. They assessed no damages for the detention of the property. Plaintiff is not here complaining, but seeks only to obtain the balance which the jury found to be due. Defendant is not prejudiced by the fact that the verdict is, in form, under How. Stat. § 8342. The verdict disposes of all of the questions growing out of the transaction, and in a manner most favorable to defendant. It does not warrant the entry that the jury assessed the damages for the detention at the sum of $58, but the judgment entry may be corrected so as to give plaintiff a judgment for that sum, with costs, providing that the same be paid within a given time,—otherwise, that the property be delivered up, and sold to satisfy such judgment on delivery as aforesaid, and that plaintiff have execution under How. Stat. § 8344.

We do not concur in the view that the jury determined no issue except that as to the amount due. They had been instructed that, if they found certain facts, the plaintiff was entitled to recover. They brought in a verdict for the plaintiff. Defendant's sole contention was that nothing remained under the contract of purchase; hence, that he was entitled to the possession of the property. The jury found a balance due plaintiff of $58. If this amount was due, and defendant had refused to pay it (and the fact of refusal was not disputed), plaintiff was clearly, under the contract, entitled to possession upon demand therefor, and as a matter of law the detention was unlawful.

Nor do we think that the verdict as entered must be conclusively presumed to be the verdict as rendered. The bill of exceptions, when filed, becomes a part of the record. It contains the action of the court prior to the time when the verdict is put in force by the clerk. That entry made by the clerk does not necessarily compel us to conclude that the bill of exceptions is in any respect untrue. *Fromme v. Jones*, 13 Iowa, 474; *Moody v. McDonald*, 4 Cal. 297.

A motion was made for a new trial, but the only ground urged, not already discussed, was that of newly-discovered evidence. The contract in question expressly provided that defendant should pay interest upon the purchase price until paid. A copy of the paper was left with defendant. The real question was whether any deceit, fraud, or misrepresentation had been used to induce defendant to execute the paper. The newly-discovered evidence was merely cumulative, and related to a conversation had some days before the contract was executed, as to the terms of the sale. We do not think that the circuit judge abused the discretion reposed in him, in refusing to grant a new trial.

The judgment entry in the cause will be vacated, and

judgment entered in accordance with the suggestions herein made, and the record will be remanded for that purpose. No costs in this Court will be granted to either party.

The other Justices concurred.