OPINION OF THE COURT
William P. Polito, J.
*307 On August 4, 2002, plaintiff, defendant Santorelli and two other friends accompanied by three dogs traveled to Mendon Ponds Park to swim. Defendant Santorelli was dog sitting the three dogs for the owners, the Hall defendants, including a large German shepherd named Duke.
Plaintiff was wading in shallow water with her arms down holding her up in a prone position like a “seal.” (Plaintiff’s deposition at 26.) Duke was standing within one foot of plaintiff. (Plaintiff’s deposition at 26.) Defendant Santorelli suddenly picked up a stick and threw it into the water causing Duke to swing around into plaintiff’s direction, colliding with plaintiff and causing severe facial and eye injuries including facial fractures. (Plaintiff’s deposition at 26, 27.) Plaintiff testified that upon observing defendant with the stick she hollered to defendant not to throw the stick at least three times, but despite the warning defendant threw the stick anyway. (Id. at 26, 27.) Defendant denies seeing plaintiff near the dog and denies hearing plaintiff’s warnings not to throw the stick. (Defendant’s deposition at 53, 58, 64.) Defendant admitted that after throwing the stick she “wanted to take the stick back” because she realized immediately a collision would occur. (Defendant’s deposition at 58.) Nancy Decker, a friend, heard plaintiff warn defendant “don’t or stop” but it was already too late. (Decker deposition at 23, 27, 28.) Another friend, Jo Cummings, did not recall whether plaintiff shouted to defendant prior to the stick being thrown. (Cummings deposition at 69.)
The parties and the two witnesses all testified that Duke was a mild mannered, well trained, large German shepherd. (Plaintiffs deposition at 34, 35, 36; defendant Santorelli deposition at 27; defendant Katherine J. [Mayberry] Hall affidavit at 90, 91; Charles Hall deposition at 101; Cummings affidavit at 75.)
Plaintiff alleges that the Hall defendants negligently permitted and entrusted their dog Duke to the care of defendant Santorelli when they knew or should have known that it was unreasonable to entrust defendant Santorelli with the dog due to her incompetence to handle the dog safely, and they knew or should have known of the dog’s vicious and dangerous propensities; that the Hall defendants also negligently failed to give proper instructions in handling Duke including his behavioral and physical characteristics and the danger of letting the dog roam freely and unleashed around others; and that the Halls failed to *308 provide the necessary accoutrements to restrain Duke and/or supervise the dog around humans. (Plaintiffs bill of particulars dated Sept. 12, 2006.) Plaintiff has also alleged in paragraphs 37 and 41 of the complaint that defendant Santorelli was negligent for throwing the stick while the dog was in close proximity to plaintiff.
Law and Rationale
The defendants seek dismissal of plaintiffs causes of action (affidavit Nos. 17, 18) asserting that the facts alleged do not support a cause of action (1) based on negligence or (2) based on strict liability since there were no prior vicious and dangerous propensities. The court agrees that there is insufficient basis to constitute strict liability, and partially agrees on negligence. Those causes of action based upon the conduct of the dog must be dismissed since the undisputed proof presented establishes that the dog did not exhibit dangerous propensities, including jumping or bumping people. (See Bard v Jahnke, 6 NY3d 592 [2006]; Collier v Zambito, 1 NY3d 444 [2004]; Bernstein v Penny Whistle Toys, Inc., 10 NY3d 787 [2008].)
As aforesaid, if this were simply a strict liability dog bite case, or even negligence based upon a freely roaming dog enthusiastically jumping upon a person or a bicyclist or acting solely under his own instincts, then there is no claim without a showing of known propensity. (Bard v Jahnke, 6 NY3d 592 [2006].)
Here, however, it is not only the conduct of the animal which caused the collision, but also the alleged misconduct of defendant Santorelli in negligently directing the dog to collide while the dog was in extremely close proximity to plaintiff. Apparently, the danger of the large dog colliding with the plaintiff, who was in a precariously vulnerable position and unable to protect herself, was recognized by plaintiff, and immediately recognized by defendant Santorelli upon throwing the stick and then observing the proximity of plaintiff and the dog, and realizing the plaintiffs vulnerability by her action.
These facts are distinguishable from Bard v Jahnke (6 NY3d 592 [2006]) and Bernstein v Penny Whistle Toys, Inc. (10 NY3d 787 [2008]). Here, the question is one of the reasonableness of the conduct of the handler in directing the dog’s movement in an unsafe manner. The improper movement of an animal so as to cause injury to another constitutes actionable negligence.
“To force a horse, attached to a heavily laden cart *309 upon a slippery deck, to mount a perpendicular lift of eight inches was not only unnecessary, but, from the nature of the act, improper and dangerous. It was a careless, needless act, likely to produce the result which followed to the horse; and if, in producing that result, the plaintiff was injured without his fault there is no principle which will relieve the defendant from liability. It is as liable for negligently causing a horse to fall on him as it would be for negligently causing a stick of timber or any article of freight, which was being removed from the boat, to fall on him. Upon the theory of the plaintiff, . . . , the injury was the direct consequence of the defendant’s negligent act.” (Hazman v Hoboken Land & Improvement Co., 50 NY 53, 58-59 [1872]; Restatement [First] of Torts § 518.)
Likewise, the Fourth Department has recognized and distinguished the difference between liability for the actions of the animal and the actions of the handler. (Lista v Newton, 41 AD3d 1280, 1282 [4th Dept 2007] [dicta].)
The defendant here acted in a manner that foreseeably directed the dog into a path of collision with plaintiff, while plaintiff was in an extremely vulnerable and precarious position and unable to protect herself. That cause of action was specifically pleaded under paragraphs 37 and 41 of plaintiff’s complaint.
The negligence may have been in not seeing the plaintiff, who was there to be seen, or not hearing her shout. The issue is one of ordinary negligence even though the instrumentality of the negligent act is a dog. If the defendant threw a stick for her dog to fetch in front of a bicyclist so close that the dog collided therewith, it would be a similar situation. So too if she did not first see the bicyclist and threw the stick into the street into the passing spokes causing him/her to fall. These are situations where the negligence of the thrower is the cause of the accident, in negligently directing the actions of the animal so as to cause injury to another. Whether a reasonably prudent person could have foreseen injury as a result of defendant’s conduct under the circumstances is an issue for the jury under our tort system and not a determination for the court as a matter of law. (PJI 2:10, 2:12.)
The defendants’ affidavit in number 18 asserts also that defendant Ms. Katherine J. (Mayberry) Hall was not the *310 owner of the dog and seeks dismissal on that basis. Since no objection has been asserted to dispute her nonownership, the cause of action against Ms. Katherine (Mayberry) Hall is dismissed.
Accordingly, summary judgment must be denied except as to defendant Ms. Katherine J. (Mayberry) Hall.