ANNA KEATING, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

When passengers are getting on or off a train, suddenly to put it in motion, so as to endanger their safety, without giving any signal, is an act of negligence.

Where a railroad company has provided a depot and conveniences for getting on and off its trains, in the absence of other proof, passengers have no right to get on at other places, and to attempt to do so would be such negligence as would preclude them from recovery for an injury received thereby. But when the company has been in the habit of receiving and discharging passengers at other places, it is not negligence for passengers to get on or off at those places while the train is standing still, and there is no apparent danger in so doing.

(Argued May 21, 1872; decided May 28, 1872.)

PLAINTIFF attempted to get upon defendant's train at Niagara Falls. The passenger depot was on the south side of the

track, and passengers usually got on and off there; but passengers residing in the part of the village where plaintiff lived were in the habit of getting on and off upon the north side, to the knowledge and without objection on the part of the defendant's employes. The train was standing still, partly filled with passengers; as plaintiff stepped up on the steps of the car, the train, without any signal or notice, and without any examination by those in charge to ascertain whether any one was getting on or off, was started with a violent jerk, which threw plaintiff from the car; she fell with her arm under it, which was crushed by the wheels. Defendant moved for a nonsuit, upon the ground that no negligence was shown upon the part of the defendant, and that the negligence of plaintiff caused or contributed to the injury. *Held*, the motion was properly denied, and there was no error in submitting the question of negligence to the jury.

*A. P. Laning* for the appellant.

*John C. Strong* for the respondent.

GROVER, J., reads for affirmance. All concur, except RAPALLO, J., not voting.

Judgment affirmed, with costs.