AMELIA PLOPPER, RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Contributory negligence — when question should be submitted to the jury.*

At Kirkville, on the defendant's road, the station and depot are on the north side of the track, and passengers generally get off on the north side of the cars. Along the south side of the track, and very close to it, is a ditch. The plaintiff, a resident of the place and well acquainted with the situation of the depot, attempted to get off the train, on the south side, at a point where the track was intersected by a highway running at right angles with it, at a time when the

train had stopped or was running very slowly. The conductor, who was o ι the north side of the train, not seeing the plaintiff, who was on the lowest step of the car, signalled the engineer to go on, and by his so doing the plaintiff was thrown off and injured. It was proved that when the cars stopped on the highway it was not unusual for parties to alight from the cars on the southerly side of the train, which was the side nearest to the village.

*Held*, that it was error for the court to charge, as matter of law, that the attempt to alight on the southerly side of the train did not constitute contributory negligence; that whether it did or not should have been submitted to the jury.

APPEAL from an order denying a motion for a new trial made by the defendant, after a verdict for the plaintiff.

*G. W. Kennedy*, for the appellant.

*W. C. Ruger*, for the respondent.

TALCOTT, J. :

This is an appeal from an order made at the Onondaga Circuit denying a motion for a new trial on the minutes, after a verdict at the same Circuit for the plaintiff.

The action is to recover damages for an injury to the plaintiff, a passenger, caused by the alleged negligence of the defendant. The injury occurred at Kirkville, a few miles east of Syracuse, to which place the plaintiff was a passenger on one of the defendant's trains from Syracuse. A prominent question on the trial was whether the plaintiff was not guilty of contributory negligence which conduced to the injury, by attempting to get off the cars on the south side of the train in place of getting off on the north side, where the depot was located, and on which side passengers generally alighted from the defendant's trains, and on which north side several passengers alighted in safety on the occasion in question.

It appeared that the plaintiff resided at Kirkville, and was well acquainted with the station and its surroundings. There was on the south side of the railroad track, on which the train from which the plaintiff alighted stood, a ditch running parallel to, and along the south side of, the track, and as near to the track as it could with safety to the track be constructed. The plaintiff was in the habit of frequently using the railroad in going to Syracuse and returning,

and knew that the customary place to alight from the trains was on the north side of the track, where the depot was located, and on which side the conductor of the train was placed to assist passengers in alighting from the trains. The train in question stopped but a short time, a minute or less, at this depot, and it was a question in controversy on the trial whether the train stopped at all or only slowed up, and whether it was not actually in motion when the plaintiff undertook to get off. The plaintiff had never attempted to alight from the train on the south side except on this occasion. On this occasion she came out of the car, as it was slowing down, on to the rear platform, and casting a bundle which she was carrying down into the highway which crosses the railroad at right angles at that point, proceeded down the steps of the car.

When she arrived at the bottom step, with her right foot upon the ground and the other upon the step, and with her left hand holding the rail, the conductor, being upon the north side of the train and not perceiving that any person was in the act of alighting on the south side of the train, had given a signal to the engineer indicating that the train was to proceed, and when the plaintiff was in this position, one foot upon the ground and the other upon the car step, the train had acquired such speed that it was impossible for the plaintiff to recover herself, and she was dragged along in that manner for a few feet until her hold upon the rail was broken and she was thrown into the ditch, and it is alleged received the injuries for which she claimed to recover.

The judge at the Circuit instructed the jury that as matter of law the attempt on the part of the plaintiff to leave the cars on the south side was not evidence of such contributory negligence as would prevent the plaintiff's recovery; in this, we think, he erred. As we understand the rule to be settled by the Court of Appeals: "Where a railroad company has provided a depot and conveniences for getting on and off its trains, passengers have no right to get on or off at other places, and to attempt to do so would be such negligence as would preclude them from recovering for an injury received thereby." This was laid down as the law governing such cases in the case of *Keating* v. *The N. Y. Central R. R. Co.* (49 N. Y., 673), affirming the judgment of this department in the same case (reported in 3 Lansing, 469).

In that case, although it appeared that there was a depot provided for the accommodation of passengers, where provision had been made for their entrance into the cars, and where the conductor was accustomed to give the signal for the starting of the train, which was the only place at which such provision had been made, yet the plaintiff attempted to enter the cars while they were standing across a street in which she was passing in attempting to reach the depot, and which so interrupted the passage of the street that she could not pass without crossing the platform of the cars.

There was evidence also given in that case that it was customary for persons to take the cars of the defendant while standing across the street in question at the place where the plaintiff attempted to take the cars. In that case this court held that the question of contributory negligence on the part of the plaintiff was a proper question to submit to the jury, and the Court of Appeals affirmed the decision in 49 N. Y., 673 (*supra*).

In the case at bar there was evidence to the effect that when the cars stopped in the highway, which was planked over, it was not unusual for parties to alight from the cars on the southerly side of the train, which was the side nearest to the village of Kirkville, and it was probably while the car in which the plaintiff was a passenger was standing, or as she supposed about to stop over the highway, that she commenced the attempt to alight, and it is quite possible she would have had time to have descended from the cars in safety had not they been suddenly started up. This, however, is inference to be drawn by the jury in view of all the circumstances and not by the court, and the error at the Circuit was in not submitting this to the jury as a question of fact, but holding as a matter of law that the attempt on the part of the plaintiff to alight on the south side of the train did not furnish any evidence of contributory negligence.

Order reversed and new trial granted, costs to abide the event.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Ordered accordingly.