Stoner, by Next Friend, v. Pennsylvania Company.

No. 10,914.

STONER, BY NEXT FRIEND, v. PENNSYLVANIA COMPANY.

RAILROAD.—*Negligence.*—*Pleading.*—*Personal Injuries.*—*Contributory Neg-
ligence.*—It can not be inferred as a conclusion of law, that getting on a
passenger train at a place other than the platform was negligence of the
passenger contributing to an injury received while entering the car, in
consequence of a violent and negligent starting of the train. An an-
swer stating such fact is, therefore, bad on demurrer.

From the Clark Circuit Court.

*P. H. Jewett, C. L. Jewett* and *H. E. Jewett,* for appellant.
*S. Stansifer* and *W. D. Stansifer,* for appellee.

HAMMOND, J.—Complaint in two paragraphs by the appel-
lant, a minor, who sues by his next friend, to recover damages
for an injury received while a passenger on the appellee's rail-
road train. The appellee answered in two paragraphs. The
first was the general denial; to the second, the appellant's de-
murrer for the want of facts was overruled, and an exception
taken. Trial by jury; verdict and judgment for the appellee.
The overruling of the demurrer to the special paragraph of
answer is the only error assigned in this court.

It is averred in both paragraphs of the complaint, that on
the 24th day of December, 1881, the appellee was operating
a railroad for the conveyance of passengers for hire, called
the Jeffersonville, Madison and Indianapolis Railroad, ex-
tending from Jeffersonville to Indianapolis, and, in its course,
passing through the towns of Memphis and Vienna, in this
State; that on the day above mentioned, the appellant took
passage upon one of the appellee's passenger trains at said
Memphis to go to said Vienna; that he was forcibly thrown
from said train of cars upon the track of the railroad and
both his legs run over by the wheels of the train, causing
him great pain and suffering, the loss of both his feet by
amputation, and great expense. The paragraphs are sub-
stantially the same except in the statement as to the manner

Stoner, by Next Friend, v. Pennsylvania Company.

in which the accident occurred. The first paragraph of the complaint sets out the particulars of the occurrence as follows: "That by the carelessness, negligence and want of skill of the persons employed by the defendant as its servants, and as such in charge of said train, said train was started and jerked forward with great, unnecessary and unusual force and violence, by reason of which forcible and violent starting of the said train, the plaintiff, while using due care, and without fault or negligence upon his part, was forcibly thrown from said train of cars and upon the track of said railroad."

The second paragraph of the complaint, after stating that the appellant applied for a ticket at the office of the appellee, at the said town of Memphis, avers, "that he" (the plaintiff) "was unable to procure any such ticket for the reason that said office was closed; that at the time he so sought to purchase a ticket to said Vienna station, a train of defendant's cars, which carried passengers to said Vienna station, was standing still upon the track of said railroad at Memphis, and the locomotive, which had been drawing said train, was detached therefrom and some distance away from the cars composing said train. And the plaintiff avers that he waited for said ticket office to open until a few minutes of the time said train was to start, when he went to the car in which passengers were carried upon said train and took passage upon said train for said town of Vienna, having money sufficient to pay, and intending to pay, his fare upon said train; that plaintiff started to go into said car while the same was motionless upon the track aforesaid, and while, in the exercise of due care on his part, he was ascending the steps leading to the rear platform of said car, the servants of the defendant in charge of said train of cars, running and managing the same, negligently, carelessly and unskilfully and without any notice or warning of their intention so to do, ran said locomotive and other cars with great, unusual and unnecessary force and violence against the car upon which the plaintiff then was,

thereby causing said car to start with great and sudden force and violence, by reason of which sudden starting the plaintiff was jerked from said steps and platform and thrown violently upon said railroad.  *  *  *  The plaintiff avers that said shock, concussion and sudden starting of said car was caused and the defendant [plaintiff?] was jerked from his said position and thrown under said car and injured through no negligence or fault of the plaintiff whatever, but that the same occurred wholly through the fault, negligence and unskilfulness of the defendant and defendant's servants in charge of, and engaged in running, said train."

The only question in the case for our decision arises upon the overruling of the appellant's demurrer to the second paragraph of the appellee's answer.   The paragraph of answer referred to is as follows:

" The defendant, for answer to complaint, says:  *  *  *  2d. The first and second paragraphs of plaintiff's complaint relate to one and the same transaction, and plaintiff received his injuries in attempting to board said train, and not other or different.   It is averred that at said Memphis at said time and for a long time prior thereto, there was a platform at defendant's depot for the use of passengers departing from and arriving at said Memphis, from and on which to board trains and alight therefrom at said station.   Plaintiff did not attempt to board said train from said platform, but at a point, to wit, one hundred yards south thereof, and where there was no platform.   It is averred that neither defendant nor its said agents and employees in charge of said train had any knowledge or notice whatever that plaintiff would attempt to board said train at said place."

The above pleading, it will be observed, does not deny that the car was not in motion when the appellant attempted to enter it.   Neither does it deny that the appellant was injured as stated in his complaint, nor that the appellee's employees were guilty of the acts of negligence charged against them. These averments of the complaint, with respect to the second

paragraph of the answer, are, therefore, to be taken as admitted. Section 383, R. S. 1881. The manifest object of this paragraph of answer was to defeat the appellant's recovery by showing contributory negligence upon his part in the injury of which he complains. If it was sufficient for this purpose, the demurrer thereto was properly overruled, for the law is well settled that in actions to recover damages for injuries occasioned by negligence, the plaintiff must fail if his own want of care contributed to the wrong complained of. *Toledo, etc., R. W. Co.* v. *Brannagan,* 75 Ind. 490. But does the affirmative paragraph of answer, in this case, allege facts from which, as a matter of law, contributory negligence must be inferred? The substantial averment in the answer is that at the town of Memphis, at the time of the accident, there was a platform at the appellee's depot for the use of passengers, but that the appellant did not attempt to go on the train from said platform, but at a place one hundred yards therefrom, of which neither the appellee nor its employees in charge of the train had notice.

We can not declare that as a matter of law the entering a passenger train to take passage at a railroad station from a place other than the platform provided for that purpose is an act necessarily contributing to an injury received while thus taking passage. Negligence is usually a mixed question of law and fact—a fact to be found by the jury under the instruction of the court. The court may not declare an act to be negligence unless the act is such as all reasonable men would be likely to draw an inference of negligence from it. If the inferences are doubtful, the question is one of fact for the jury. Pierce Railroads, 314.

The appellee's answer does not state that at the time named the train stopped at the platform. It does not aver that the appellee was not in the habit of receiving and discharging passengers at the place the appellant attempted to take passage, as well as at its platform. In *Keating* v. *New York, etc., R. R. Co.,* 49 N. Y. 673, it was held that when a railroad

company has been in the habit of receiving and discharging passengers at places other than its depot, it is not negligence for passengers to get on or off at such places while the train is not in motion, and there is no apparent danger. And in *Hulbert* v. *New York Cent. R. R. Co.*, 40 N. Y. 145, a passenger of his own accord had got off the train where it stopped to water, about 250 feet from the station-house. The night of the occurrence was very dark, and he received an injury by falling into an excavation made for a cattle-guard. It was held that the question of contributory negligence was a proper one for the jury. See, also, *Mitchell* v. *Western, etc., R. R. Co.*, 30 Ga. 22. Cases there are, no doubt, where the circumstances make the taking of passage on a railroad train at a place not provided for that purpose, such an act of negligence as precludes the recovery for an injury thereby occasioned. *Michigan Central R. R. Co.* v. *Coleman*, 28 Mich. 440, was a case of this kind. There the railroad had a platform south of the track. The plaintiff, a woman, after night when it was quite dark, attempted to enter the train from the north side of the track, just as the train was starting, and fell and was injured. She was not observed by the conductor, whose attention was directed to the care of passengers on the platform side of the track. It was held that the railroad was not responsible. It does not appear in that case but that the train stopped at its usual time and started in a usual manner; in fact no act of negligence upon the part of the railroad employees appears to have been shown in that case.

We think the appellant must, under the facts stated in his complaint, and not controverted by the second paragraph of the answer, be regarded as having been a passenger at the time of the accident. There is no averment of any regulation of the company which required passengers to procure tickets before taking the train. And had there been such a regulation in this case, the appellant was excusable for not complying with it after a proper but unsuccessful effort to obtain a ticket. *Jeffersonville R. R. Co.* v. *Rogers*, 38 Ind. 116

(10 Am. R. 103); *St. Louis, etc., R. W. Co.* v. *Myrtle*, 51 Ind. 566. A person who by mistake gets on a passenger train other than the one he intended to take passage on is a passenger upon the train which he is on. *Columbus, etc., R. W. Co.* v. *Powell*, 40 Ind. 37. There is no averment in the pleadings from which it appears that the place where the appellant boarded the train was dangerous, or that there was any regulation or custom of the company which did not permit persons to take passage on trains at Memphis station except at the platform. From the facts disclosed in the record we are of the opinion that the appellant became a passenger the instant he stepped upon the train, and that, upon the payment or tender of his fare, he could not legally have been ejected simply because he did take passage from the platform. Being thus a passenger, the company was liable for an injury resulting to him from the negligence of its servants, unless his own negligence contributed thereto. The complaint avers that he was without fault or negligence. This averment is not negatived by the second paragraph of the answer. It states that the appellant received his injury while attempting to board the train one hundred yards south of the depot, but it charges no carelessness upon his part in so boarding the train, nor that such act of his in any way contributed to his injury. Herein the special answer is manifestly and fatally defective.

A question quite similar to this was before this court in *Lafayette, etc., R. R. Co.* v. *Sims*, 27 Ind. 59. That was an action to recover damages for an injury to a passenger. The opinion states that " The defendant answered, that the train on which the appellee was at the time of the injury, was a passenger train ; that on all the passenger cars, printed notices that ' passengers are forbid standing on the platform,' were, and always had been, posted ; that the appellee, for five years, had been in the habit of riding in the passenger cars of the appellant, where such notices were so posted in conspicuous places, and had notice of such regulation ; that at the time of said accident, he was riding upon the platform

of one of the passenger cars, and not in the car; that said platform was, and always is, a dangerous place; that at the time of said accident, said appellee was on said platform, and immediately before said accident had been sitting on the brake on said platform, against the will of said appellant; wherefore the appellant says that whatever injury the appellee sustained was the result of his own carelessness and wrong in being in an improper and dangerous place at the time said accident occurred, and from which the injuries complained of resulted."

Commenting on the above answer in that case, the court said: "It will be observed that the answer does not allege, as a matter of fact, that the appellee was injured by reason of his position on the platform of the car, but simply avers that he was informed of the rule prohibiting passengers from sitting on the platform; that he was on the platform at the time of the accident, and that the platform was always a dangerous place. These are all the facts alleged, and from these facts the appellant concludes that the position of the appellee caused his injury. This conclusion, of course, adds nothing to the answer." And again, in the same case, it was further said: "An averment that a passenger occupied a dangerous position upon the train, does not authorize the pleader to draw the conclusion that therefore the injury ' was the result of his own carelessness and wrong.' The conclusions from the facts are to be drawn by the court or jury, and an averment would have better served the purposes of a plea. The facts alleged in the answer may be true, and yet not inconsistent with the averment in the complaint that the injury resulted from the negligence and carelessness of the appellant, and without the fault of the appellee."

In the case before us, the special paragraph of answer does not state facts from which the court must conclude as a matter of law that the appellant was guilty of negligence in attempting to take passage at the place in question; nor is there any averment that his own want of care in there boarding

the train, or any other act of his, contributed to his injury. The affirmative paragraph of the answer was insufficient.

Judgment reversed at the appellee's costs, with instruction to the court below to sustain the appellant's demurrer to the second paragraph of the answer, and for further proceedings.

Filed Jan. 8, 1884. Petition for a rehearing overruled Dec. 17, 1884.