<hr />

(4 Misc. Rep. 294.)

NORRIS v. BROOKLYN CITY R. CO.

(City Court of Brooklyn, General Term. June 26, 1893.)

STREET RAILROADS—INJURY TO PASSENGERS—NEGLIGENCE.

Where a passenger is injured by the breaking of the platform of a street car which was crowded to its utmost capacity, and it appears that the car was one of a number that had been used by defendant street-railroad company for more than 12 years, it was proper to submit to the jury the question whether the platform was safe, and whether defendant knew, or could by the exercise of reasonable care have known, that it was unsafe.

Appeal from trial term.

Action by John Norris against the Brooklyn City Railroad Company to recover for injuries sustained by plaintiff while a passenger on defendant's car. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Morris & Whitehouse, for appellant.

M. L. Towns, for respondent.

OSBORNE, J. On the evening of January 25, 1892, plaintiff was a passenger on a car of the Myrtle avenue branch of defendant's lines. He boarded the car near Fulton ferry, and, after riding some distance, surrendered his seat to a female passenger, and took his stand in the rear doorway, with his shoulder leaning against the door, one foot in the car and the other on the platform. As the car moved along, it became greatly crowded, so that there were upwards of 25 passengers on the rear platform, and some 5 or 6 people, including the conductor, stood on the guard rail outside of the rear dashboard. When on Myrtle avenue, near Duffield street, the rear platform broke and went to the ground, and by reason thereof plaintiff was violently thrown to the street, and sustained serious and permanent injuries. Plaintiff brought this action to recover damages for said injuries, he claiming that they were caused by the negligence of the defendant, in that the platform was weak and insecure, and that defendant permitted said platform to become overcrowded, and unable to sustain the weight imposed upon it. Plaintiff had a verdict, and from the judgment entered thereon, and the order denying a motion for a new trial, this appeal is taken.

The one point presented on this appeal by the learned counsel for the appellant is on the exception taken to the denial of the motion to dismiss the complaint, and the ground urged is that plaintiff failed to establish negligence on the part of the defendant. It appeared on the trial that the car in question was one of a large number built by the defendant, and that it had been in use for over 12 years. It also appeared that on the night in question there was an unusually large number of persons seeking passage on defendant's cars, owing to the elevated railroad company having temporarily stopped the running of its cars. The case was submitted to the jury by the learned trial judge, and they were left to decide whether the platform was insecure, and defendant knew it to be insecure, or could have known it by the exercise of proper care; and also as to whether defendant was negligent in its conductor permitting so large a number of persons to ride upon the platform. We think that the learned trial judge pursued the proper course in submitting this case to the jury. It plainly appeared that the defendant undertook to carry more passengers on the car in question than could sit and stand within the car, and that both platforms and steps were filled to their utmost capacity. No proper effort seems to have been made by the conductor to prevent this excess of passengers from

getting on the car, while it appears that he was diligent in collecting fares from every one on the car. In the case of Lehr v. Railroad Co., 118 N. Y. 556, 23 N. E. Rep. 889, the plaintiff was injured by being pushed off a crowded platform, and in that case the court said, (page 561, 118 N. Y., and page 890, 23 N. E. Rep.:)

"The court would not have been justified in nonsuiting the plaintiff, and holding, as a matter of law, that the exercise of a reasonable foresight would not have led the defendant to anticipate that overcrowding this car and its platforms might render accidents like the one which befell the plaintiff probable. Whether the defendant was negligent in carrying so many passengers was a question of fact for the jury."

We think that the law as expounded by the court of appeals in the case just cited made it the duty of the learned trial judge to submit this case to the jury, and that the motion to dismiss the complaint was properly denied. The judgment and order appealed from should be affirmed, with costs.