XAVIER STIERLE, Appellant, *v.* THE UNION RAILWAY COMPANY of New York City, Respondent.

(Submitted June 6, 1898; decided June 14, 1898.)

MOTION for reargument. (See 156 N. Y. 70.)

GRAY, J. The motion for a reargument of this case should be denied. In the opinion heretofore handed down, it was attempted to be shown that, under the particular circum-

stances of the case, the charge made at the request of the plaintiff, that a railroad company is bound to exercise all the care and skill which human prudence and foresight can suggest to secure the safety of its passengers, while correct in some cases, in the present case might well have misled the jury into the belief that such was the rule of responsibility applicable to the decision of the issue between the plaintiff and the defendant. The application of such a strict rule under the facts of this case would have been quite unjustifiable.

It was said in *Unger* v. *Forty-second St., etc., R. R. Co.* (51 N. Y. 497), where it was held that the same degree of care and skill was not required of carriers of passengers upon street cars drawn by horses as upon a steam railroad, " the degree of care required in any case must have reference to the subject-matter. * * * In some cases this rule will require the highest degree of care, and in others much less." In the present case, there was no situation of danger and the accident occurred, whether under the plaintiff's or the defendant's theory of its ocurrence, while the driver was simply changing his car from one track to another, over a switch, in order to cross the bridge. In so doing, the duty imposed upon the defendant by law was that of exercising reasonable care ; or such care as an ordinarily careful and prudent man would exercise under the circumstances, and that instruction had been, in fact and very correctly, given by the trial judge in his main charge. The strict rule, embodied in the plaintiff's subsequent request to charge, would be proper in a case where the accident resulted from a situation from which grave injury might be expected and which, therefore, imposed upon the carrier's servants the duty to exercise the utmost skill and foresight to avoid it. Such was the situation, for instance, in the *Maverick Case* (36 N. Y. 378) and in the *Coddington Case* (102 N. Y. 66). In the former case, the street car was followed at a distance of a very few feet by a truck, proceeding rapidly. By reason of the truck being confined to the car track, through the presence of vehicles on either side, the situation was, obviously, a dangerous one in which to stop the street car. Therefore, when the conductor of the car did stop it in that situation and called upon the plaintiff to leave it, (in doing which she was injured

by being struck by the truck), he failed in the duty, clearly incumbent upon him, to exercise that care and skill to avoid the accident, which human prudence, and foresight should have suggested. The application of the strict rule of duty in that case was warranted by the situation.

In the *Coddington* case the street car was approaching a steam railroad crossing, which is a dangerous place, and it was held to have been correct to charge the jury that the defendant was bound to use the highest degree of care and prudence and to do all to avoid accident, which the utmost human skill and foresight could suggest; it being remarked in the opinion, "the charge when applied to a carrier of passengers at such a place was strictly accurate."

There is nothing in this application for a reargument, other than an attempt to show that in our decision of the case we have changed a rule of care applicable to the carrier of passengers. We have done nothing of the kind; but have simply pointed out what the proper rule was under the issue and the circumstances disclosed by the record.

The motion should be denied, with ten dollars costs.

All concur, except O'BRIEN and VANN, JJ., not voting.

Motion denied.