(75 App. Div. 330.)

### SCHLOTTERER v. NEW YORK & B. FERRY CO.

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1. CARRIERS—FERRY—COLLISION—NEGLIGENCE—TRIAL—EVIDENCE—COMPLAINT IN FORMER ACTION.

In an action by an infant, by her guardian ad litem, for injuries sustained while a passenger on defendant's ferry, owing to a collision between the ferry and another vessel, defendant claimed that no collision had occurred on the day alleged by plaintiff, and was permitted to read in evidence part of a complaint in a prior action by plaintiff, by her guardian, for the same accident. *Held*, that the evidence was erroneously admitted; the guardian, though she had verified such complaint, not having been present at the accident, and it not appearing that plaintiff had verified it, read it, or been concerned in its composition.

2. SAME—INSTRUCTIONS—VIOLATION OF STATUTE.

In an action for injuries sustained while a passenger on defendant's ferry, owing to a collision between the ferry and another vessel in a fog, there being evidence that the whistle of the ferry was not being sounded as required by 2 Supp. Rev. St. U. S. p. 633, c. 4, it was error to refuse to charge that the noncompliance with the statute was prima facie negligence.

3. SAME—CARE REQUIRED.

In an action for injuries sustained while a passenger on defendant's ferry, owing to a collision between the ferry and another vessel, an instruction that a high degree of care was required of defendant was error; the measure of care imposed being the highest care.

Appeal from trial term, Kings county.

Action by Louisa Schlotterer, by her guardian ad litem, against the New York & Brooklyn Ferry Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Alfred E. Sander, for appellant.

Augustus Van Wyck (J. Delahunty, on the brief), for respondent.

HIRSCHBERG, J. The plaintiff's evidence tended to show that while a passenger crossing the East river on one of the defendant's steam ferryboats, on the morning of February 9, 1898, she was injured in a collision with another vessel. Her evidence further tended to show that there was a very dense fog at the time, and that the boat was proceeding at the usual speed without sounding the fog whistles required by the provisions of chapter 4, p. 633, 2 Supp. Rev. St. U. S. On the other hand, the defendant's evidence tended very strongly to show that no collision occurred on the day named; and the verdict, if resting on the testimony alone, would be unassailable. The court, however, under objection and exception, permitted the defendant to read in evidence a part of a complaint framed in a prior action brought by her guardian ad litem for the same accident, in which a different day was stated as the date of the collision. The object of this was to con-

tradict the plaintiff's evidence as to the date of the occurrence, and for that purpose it was incompetent. Geraty v. Ice Co., 16 App. Div. 174, 181, 44 N. Y. Supp. 659; Buffalo Loan, Trust & Safe Deposit Co. v. Knight Templar & Masonic Mut. Aid Ass'n, 126 N. Y. 450, 456, 27 N. E. 942, 22 Am. St. Rep. 839, and cases therein cited. The guardian ad litem verified the complaint, but she was not present at the accident; and the plaintiff had neither verified nor read it, nor was she shown to have been connected with its composition in any way. The admissions of the guardian, under the circumstances, were not competent evidence against the plaintiff.

The court was asked to charge that noncompliance with the statutory regulations referred to was prima facie evidence of negligence, to which request the court responded by the statement that the jury might take that into consideration, with all the testimony in the case. The request was precisely in accordance with the ruling in Lambert v. Railroad Co., 70 N. Y. 104, and the plaintiff was entitled to the charge. See, to the same effect, McCambley v. Railroad Co., 32 App. Div. 346, 52 N. Y. Supp. 849.

In the main charge the measure of care imposed on the defendant by law was stated to be "a high degree of vigilance and care." The plaintiff requested a charge to the effect that the defendant owed to her "the utmost human skill, care, vigilance, and foresight." This was refused, "except as covered by the charge already made." The result was to hold the defendant to a less degree of care than the law enjoins, which is the highest, and not merely a high degree. The proposition was not an abstract one, but related to conditions which were undisputed, viz., the navigation of a steam vessel carrying passengers through a dense fog in a crowded river. The rule is well settled that the carrier of passengers in conveyances and vehicles propelled by steam is bound to use every precaution which human skill, care, and foresight can provide, and that this rule of the strictest diligence applies to steam navigation. Caldwell v. Steamboat Co., 47 N. Y. 282; Cleveland v. Same, 68 N. Y. 306; Loftus v. Ferry Co., 84 N. Y. 455, 38 Am. Rep. 533; Coddington v. Railroad Co., 102 N. Y. 66, 5 N. E. 797. What was said in Stierle v. Railway Co., 156 N. Y. 70, 50 N. E. 419, in no respect weakens the force of this rule of liability, nor was it intended to do so, as is apparent from the language used on the denial of the motion for a reargument of that case. Stierle v. Railway Co., 156 N. Y. 684, 50 N. E. 834.

The judgment should be reversed, and a new trial granted. All concur.

GOODRICH, P. J., concurs on first ground stated in opinion.