when plaintiff found the box in her room, and, on opening it, discovered that the garment was not in it. The box was a large paste board one, simply tied up with a cord, so that it would have apparently been easy for any one to open it and abstract a garment. This evidence shows a state of facts at least as consistent with the loss having occurred after delivery to the hotel as before. Since the burden rested upon the plaintiff to show affirmatively that the loss occurred before delivery, it is manifest that the burden was not sustained. Canfield v. Balt. & Ohio R. Co., 75 N. Y. 144.

The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

---

### CROLLY v. UNION RY. CO. et al.

(Supreme Court, Appellate Term. February 23, 1905.)

STREET RAILWAYS—DUTY TO PASSENGERS—PERSONAL INJURY—INSTRUCTIONS.

     In an action against a street railway company, an instruction that such company was obliged, "as a general proposition, to exercise that degree of care which would safely land a passenger at his destination," was erroneous as imposing too great a duty on the company, though there may have been special circumstances of danger in the particular case.

Appeal from City Court of New York, Trial Term.

Action by Nicholas Crolly against the Union Railway Company and others. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellants.
Joseph H. Radigan, for respondent.

GIEGERICH, J. The plaintiff, while a passenger on one of the cars of the Union Railway Company on the night of December 23, 1902, was injured in a collision between the car, which was going north on Jerome avenue, in the borough of the Bronx, and lumber protruding from the rear of a lumber truck of the defendant Yellow Pine Company, which was crossing the tracks of the codefendant upon the roadway.

The judge charged the jury: "So far as the duty of the Union Railway Company to the plaintiff was concerned, I charge you that it was obliged under the law, as a general proposition, to exercise that degree of care which would safely land a passenger at his destination, after it had taken that passenger upon its car;" and the defendant railway company duly excepted. We think this instruction is erroneous. No such obligation is imposed upon common carriers, viz., to safely land a passenger at his destination. This was virtually an instruction that the defendant railway company was an insurer of its passengers, during transit, irrespective of the circumstances.

It is urged, however, that, since the proof showed that the car in question descended an incline "at an unusual rate of speed," the

**defendant was** bound to exercise toward its passengers "the utmost care and diligence which human prudence and foresight can suggest." Such instruction was approved in Keegan v. Third Avenue R. R. Co., 34 App. Div. 297, 54 N. Y. Supp. 391, affirmed without opinion, 165 N. Y. 622, 59 N. E. 1124. The facts in that case, however, disclosed a situation from which grave injury was to be apprehended, and the court, in the course of its opinion, said, at page 300 of 34 App. Div., page 394 of 54 N. Y. Supp.:

"A rule which called upon every driver or motorman, at all times and under all circumstances, to keep himself keyed up to the highest pitch of vigilance, would be senseless. He should never, it is true, be heedless or forgetful of his duty. He should, in fact, at all times be watchful and prepared for emergencies. When, however, the law imposes upon him a still higher degree of care, namely, the exercise of all the vigilance that human foresight can suggest, it naturally refers to conditions calling for that extreme degree of vigilance. It is not so unreasonable, for example, as to demand constantly strained eyes from the lookout over a perfectly clear horizon."

The court also quoted from that part of the opinion in Stierle v. Union Railway Company, 156 N. Y. 684, 50 N. E. 834, which lays down the following rule:

"The strict rule would be, in a proper case, where the accident resulted from a situation from which grave injury might be expected, and which therefore imposed upon the carrier's servants the duty to exercise the utmost skill and foresight to avoid it."

Whether or not these principles so laid down in these cases are applicable to the present case depends, of course, upon the circumstances. If, as claimed by the plaintiff, the situation was dangerous, the jury might, in the event of their so finding, have been instructed in conformity with the rule last above quoted. The jury, however, were not so instructed, but the trial justice went much further, and virtually told them that the railway company would be liable if it failed to safely land a passenger at his destination. This was clearly an overstatement of the carrier's obligation to its passengers, and hence, for the error as committed, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.