CHARLES DUHME, an Infant, by HENRY DUHME, his Guardian ad Litem, Respondent, *v*. HAMBURG-AMERICAN PACKET COMPANY, Appellant.

1. WHARVES AND PIERS — OBLIGATION OF STEAMSHIP COMPANIES TO PERSONS, OTHER THAN PASSENGERS, AWAITING THE DOCKING OF VESSELS. A steamship company owes no duty to persons upon its pier, awaiting the disembarking of passengers from an incoming vessel, whether they are there as mere licensees or because of an implied invitation from the company, except to have the pier in a reasonably safe condition for access and to exercise such ordinary care in the process of docking the vessel as to render it reasonably safe for persons to remain upon the pier.

. 2. NEGLIGENCE — RULE OF RES IPSA LOQUITUR — WHEN APPLICABLE. In actions brought to recover for injuries caused by the negligence of a defendant or his servants in which the relations of the plaintiff and defendant are not of a contractual nature, the rule of *res ipsa loquitur* is applicable only when there are actually shown such facts and circumstances, in the nature of the defendant's undertaking and of the accident itself, from which the jury are able, if not compelled, to draw an inference of negligence; it was not intended that the rule should exempt the plaintiff from the burden of proving, affirmatively, negligence, or circumstances making negligence a legitimate, if not an irresistible, inference.

3. SAME — ACTION TO RECOVER FOR INJURIES CAUSED BY BREAKING OF STEEL HAWSER USED IN WARPING VESSEL INTO A PIER — WHEN DOCTRINE OF RES IPSA LOQUITUR DOES NOT APPLY. Where in an action brought to recover for injuries received by an infant — while standing with his mother in an opening at the edge of a pier awaiting the arrival of a passenger on a transatlantic steamship, from being struck in the face by a steel hawser, with which the steamship was being warped alongside the pier, the hawser being suddenly released and recoiling with great violence by the breaking of an iron "shackle," or clamp, through which the hawser was fastened to a mooring post — there is no evidence on the part of the plaintiff, beyond the statement of the sudden breaking of the hawser, tending in the remotest degree to prove any negligence on the part of the defendant, and the evidence for the defendant shows that the pier was a safe place had the plaintiff and his mother heeded the warnings of defendant's servants and kept within its shelter, and that the breaking of the "shackle" was not due to any defect in its material or manufacture or to the omission of any care in handling the hawser, the circumstances permitting the natural inference that the "shackle" yielded to the tremendous strain put upon the hawser in bringing the vessel from the channel into its berth at the pier, the doctrine of *res ipsa loquitur* does not apply.

*Duhme* v. *Hamburg-American Packet Co.*, 107 App. Div. 287, reversed.

(Argued March 26, 1906; decided April 6, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 27, 1905, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank Verner Johnson* for appellant.    The mere fact that the hawser broke under the circumstances disclosed by the evidence creates no presumption of negligence.    (*Dougherty* v. *Milliken,* 163 N. Y. 527; *Welsh* v. *Cornell,* 168 N. Y. 507; *Dobbins* v. *Brown,* 119 N. Y. 188; *De Graff* v. *N. Y. C. & H. R. R. R. Co.,* 76 N. Y. 125; *Smith* v. *N. Y. C. & H. R. R. R. Co.,* 164 N. Y. 491; *Bucher* v. *Pryibil,* 19 App. Div. 126; *Haughey* v. *Thatcher,* 89 App. Div. 375; *Fink* v. *Slade,* 66 App. Div. 105; *Leyh* v. *N. E. R. Co.,* 41 App. Div. 218; 168 N. Y. 667; *Kirby* v. *D. & H. C. Co.,* 20 App. Div. 473.)    Even where the happening of an accident, together with the surrounding circumstances, creates a presumption of negligence, such an inference is not permissible in the face of uncontradicted evidence rebutting such presumption.    (*Griffen* v. *Manice,* 74 App. Div. 371; 174 N. Y. 505.)

*Nathan D. Stern* for respondent.    The duty imposed upon the defendant toward the plaintiff upon the facts established in this case was the exercise of reasonable and ordinary care toward the plaintiff.    (*Hart* v. *Grenell,* 122 N. Y. 371.)    The doctrine of *res ipsa loquitur* applies in the case at bar.    (*Coleman* v. *M. I. F. Co.,* 168 Mass. 254; *White* v. *B. & A. R. R. Co.,* 144 Mass. 404; *Griffen* v. *Manice,* 166 N. Y. 188; *Miller* v. *O. S. S. Co.,* 118 N. Y. 199; *Scheider* v. *A. B. Co.,* 78 App. Div 163; *Mullen* v. *St. John,* 57 N. Y. 567; *Breen* v *N. Y. C. & H. R. R. R. Co.,* 109 N. Y. 297; *Fitzpatrick* v. *G. F. Co.,* 49 Hun, 288; *Raney* v. *La Chance,* 70 S. W. Rep 376.)

Gray, J.   The plaintiff seeks to recover damages of the defendant for personal injuries sustained through the breaking of a hawser, while one of its steamships was being brought into its pier.   The result of the trial of the action, so far as our review is concerned, was the dismissal of the complaint by the trial court upon the case, as made by the evidence of both parties.   The Appellate Division, in the second department, reversed the judgment thereupon entered in favor of the defendant and ordered a new trial.   The defendant has appealed to this court and the question for our consideration relates to the sufficiency of the evidence as to the defendant's negligence to make the case one for the determination of the jury.

The plaintiff, a boy about nine years of age, accompanied by his mother, was upon the defendant's pier, at Hoboken, New Jersey, expecting a relative to arrive upon the steamship "Moltke."   Upon the steamship reaching the pier, and when in the course of being warped in alongside of it, the plaintiff and his mother were standing at an opening of the pier shed, or building, which was guarded by a rope drawn across.   A wire rope, or hawser, which ran from the vessel to a mooring post on the pier, parted and, in the recoil consequent thereupon, the plaintiff was struck violently in the face.   The wire rope itself did not break; but the "shackle," as it is termed, which fastened an end of the rope brought around upon it so as to form a loop, gave way.   It was alleged in the complaint, as the cause of action, that the defendant "was negligent and careless in the management and operation of the pier or dock, and of said vessel, while so attempting to make the same fast to said pier or dock, and so carelessly and negligently operated and managed the same, that, in consequence thereof  *  *  *  a hawser parted and broke."   Upon the trial, the plaintiff's evidence was confined to the nature of the injuries sustained and to occurrences upon the pier.   Beyond the statement of the sudden breaking of the hawser, there was no evidence tending, in the remotest degree, to prove the allegation of negligence made in the complaint.   There was evidence of

the presence of a large number of persons upon the pier and that, in consequence, the plaintiff and his mother were pressed upon and pushed forward in the opening. On the defendant's part the evidence could furnish no explanation of the cause of the parting of the hawser; but it did show that it had been recently purchased; that it was of the size usual for the purpose for which it was then used; that it was in good condition and that the shackle showed a clean break, that is, one not the result of some flaw, or defect, in the metal. It, also, showed that efforts were made by the employés of the defendant upon the pier to keep the people away from the openings, which were necessarily there for the purpose of the business, by pushing them back and by warning them of the danger of remaining in such a place. That these precautionary efforts had been made appeared, also, from the cross-examination of the plaintiff's witnesses.

It was the view of the court below, in reversing the judgment upon the nonsuit, that the doctrine of *res ipsa loquitur* was applicable to a casualty of the character disclosed by the proof and that, in the absence of explanation by the defendant, the inference of negligence was authorized under the circumstances. I think that there was error in the reversal and that the doctrine of *res ipsa loquitur* had no place in the determination of the issue. It was incumbent upon the plaintiff to give some evidence establishing, or tending to establish, negligence on the part of the defendant and it was not sufficient for his case to merely prove the accident. I think that the plaintiff was upon the pier as a mere licensee, for he and his mother had no permission to be there, from the defendant, or from the custom house authorities; but if we assume that they were there lawfully, because of an implied invitation, I cannot perceive that the defendant was under any other obligation to them, or owed them any other duty, than to have its pier in a reasonably safe condition for access. (*Beck* v. *Carter*, 68 N. Y. 283.) If we shall assume, further, that its duty extended to the exercise of such ordinary care in the process of docking its vessel, as to render it reasonably safe for

persons to remain upon the pier, we shall have stated the fullest measure of the defendant's obligations. It was under no other and before it could be held to a liability for the accidental injury to this plaintiff, it would be necessary to show a neglect of duty in the respects mentioned, if not by direct testimony, at least by such facts, or circumstances, as would permit the jury, fairly, to infer the existence of negligence. The burden of proof was upon the plaintiff to show the defendant to have been at fault; but there was no such evidence and, when the case was closed, neither carelessness in management, nor any defect in appliances, was made to appear. Indeed, upon the plaintiff's evidence the trial court might well have dismissed the complaint, for the failure to show any negligence; but when the evidence of the defendant was in, any suggestion of there having been a failure to exercise care was completely negatived.

We may admit that the doctrine of *res ipsa loquitur* is not, or should not be, confined to cases of contractual relations, such as those sustained with a carrier, or a bailee, (*Griffen* v. *Manice*, 166 N. Y. 188); but that does not advance the argument for the appellant. That doctrine, plainly, is based upon the general consideration that where the management and control of the thing, which has occasioned the injury, are in a defendant, it is within his power to produce evidence of the actual cause of the accident, which the plaintiff may be unable to do. "Its application," as was observed by Judge CULLEN in *Griffen* v. *Manice*, "presents, principally, the question of the sufficiency of circumstantial evidence to establish, or to justify the jury in inferring, the existence of the traversible, or principal, fact in issue, the defendant's negligence." When it is claimed that the accident is such as, in the ordinary course of the business, does not happen, with the exercise of reasonable care, and, therefore, that it speaks for itself, as imputing neglect to the defendant, the case should be one where, if not the relations of contract between the parties, the circumstances that bring them into relation are such as to create a duty to exercise care, which an injured party may, legally,

complain of if neglected.   If the plaintiff were a passenger, that relation would require the exercise of the important degree of care commensurate with the contract of carriage. It would render the defendant liable for the slightest neglect against which human prudence and foresight might have guarded, as to results from defective conditions, found to exist in machinery, appliances, or other matters essential to safety of operation.  (*Stierle* v. *Union Ry. Co.*, 156 N. Y. 70, 684; *Morris* v. *N. Y. C. & H. R. R. R. Co.*, 106 ib. 678; *Miller* v. *Ocean S. S. Co.*, 118 ib. 199; *Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 ib. 297; *Holbrook* v. *Utica & S. R. R. Co.*, 12 ib. 236.)  In all such cases, the conditions may be such as to warrant the application of the rule of *res ipsa loquitur*.   Its operation, where the relations are not of a contractual character, can only be, as in *Griffen* v. *Manice*, where there are actually shown such facts and circumstances, in the nature of the defendant's undertaking and of the accident itself, from which the jury are able, if not compelled, to draw the inference of negligence.   It was not intended that it should exempt the plaintiff from the burden of proving, affirmatively, negligence, or circumstances making negligence a legitimate, if not an irresistible, inference. In *Peck* v. *N. Y. C. & H. R. R. R. Co.*, (165 N. Y. 347), where the plaintiff, who owned a building near the defendant's track, sued for compensation for the destruction of his property by fire, it was held that it was necessary for him to affirmatively establish negligence on the part of the defendant, either in the condition, or in the operation, of its engine, for which the mere occurrence of the fire was not sufficient; but that "it was not necessary that he should prove either the specific defect in the engine, or the particular act of misconduct in its management, or operation, constituting the negligence causing the injury complained of.   It was sufficient, if he proved facts and circumstances from which the jury might fairly infer that the engine was either defective in its condition, or negligently operated."   It was in those terms that the present chief judge found the expression of the under-

lying principle of the maxim under discussion. (*Griffen* v. *Manice, supra.*) It will be observed that, in the present case, the record is absolutely bare of any facts, or circumstances, permitting of an inference of negligence. The parting of the hawser did not speak for itself, as imputing negligence to the defendant, and to leave it to jurors to say whether it was the result of negligence would be to invite them to speculate upon possibilities, without any basis in fact. The pier was a safe place, had the plaintiff and his mother kept within its shelter and had they heeded the warnings of the defendant's servants. The breaking of the shackle was not shown to be due to any defect in its manufacture, or to the omission of any care in handling, and the circumstances disclosed, simply, permit the natural inference that it yielded to the tremendous strain put upon the hawser in bringing the vessel from the channel into its berth at the pier. Clearly, as I think, this plaintiff was not so circumstanced towards the defendant, as that the mere fact of the accident furnished a reason for the inference of negligence, or exempted him from the general rule that negligence must be established, actually, or inferentially, from facts proved, when charged as a cause of action.

I advise the reversal of the order of the Appellate Division and the affirmance of the judgment dismissing the complaint, with costs in both courts to the appellant.

CULLEN, Ch. J., WERNER, HISCOCK and CHASE, JJ., concur; EDWARD T. BARTLETT, J., dissents; O'BRIEN, J., absent.

Ordered accordingly.