(112 App. Div. 260)

## DEPEW v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

1. CARRIERS—PASSENGERS—NEGLIGENCE—QUESTION FOR JURY.

Where one of the rails of defendant's horse car track had been depressed from four to six inches below its opposite rail for several days during improvements in the street, which depression extended about three feet along the track, making a sharp pitch hole, over which defendant's car at the·time of the accident was rapidly driven, and by the bounding of the car intestate was thrown from the front platform, on which he was riding as a passenger, and killed, whether the carrier was guilty of negligence was for the jury.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1318–1321.]

2. SAME—POSITION—CARE REQUIRED.

While a passenger standing on the front platform of a street car is not guilty· of negligence by such fact alone, he nevertheless owes to the carrier some precaution, either by the manner of standing or by grasping some support, to guard against losing his balance by any sudden motion of the car.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1359, 1379.]

3. SAME—CONTRIBUTORY NEGLIGENCE.

Where, in an action for death of a street car passenger by being thrown from the front platform of the car by a sudden jolt thereof, there was no evidence describing the manner in which deceased was standing with reference to bracing himself, nor whether he had hold of any part of the car just prior to the accident, nor any facts from which the jury could have inferred that deceased was taking any precaution whatever to guard against losing his balance, plaintiff failed to establish that deceased was not guilty of contributory negligence.

Appeal from Trial Term, New York County.

Action by Lorah A. Depew, as administratrix of the estate of Hayward A. Depew, deceased, against the New York City Railway Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Joseph F. Daly, for appellant.
Gratz Nathan, for respondent.

HOUGHTON, J. The action is to recover for the negligent killing of plaintiff's intestate. The street over which defendant's horse car track ran had been, or was, in process of repair, and for some days, at least, the southerly rail of the east-bound track was depressed from four to six inches below its opposite rail. This depression extended about three feet along the track, making, as claimed, a sharp pitch hole, over which defendant's car at the time.of the accident was driven rapidly, and by the swaying and bounding of which plaintiff's intestate was thrown from the front platform, upon which he was standing, under the wheels of the car, receiving injuries from which he died. If the hole existed to such extent and for such time as plaintiff claimed, and defendant's driver drove at a rapid pace, regardless of it, knowing that men were standing on the front platform with him, a question was made

for the jury to determine whether or not the defendant used due care in the management of its car, in view of all the circumstances.

We think the judgment must be reversed, however, because the plaintiff failed to show that the deceased himself exercised any care or vigilance to guard against falling from the car. It was late at night. The car was not full. The deceased and his companion, Eustace, were smoking, and remained on the front platform. The conductor collected their fare while they stood there. While it was not negligence per se for the deceased to stand upon the platform (Nolan v. Brooklyn City & Newtown R. Co., 87 N. Y. 63, 41 Am. Rep. 345; Bradley v. Second Ave. R. Co., 34 App. Div. 285, 54 N. Y. Supp. 256), yet he was manifestly in a more dangerous position, if the car should rock or sway, than if he were seated inside the car. If an accident had occurred to him while so seated, there would have been no occasion to prove that he was on his guard in any manner, because there would have been no occasion for such precaution. One standing upon an open platform, however, owes to himself and his carrier some precaution, either by manner of standing or grasping some support, against losing his balance by any sudden motion of the car. While exposure to danger may not constitute negligence of itself and as matter of law, yet such position enjoins upon a party a degree of care commensurate with the surroundings and the situation. Palmer v. Dearing, 93 N. Y. 7; Thomas on Negligence, vol. 1, p. 691.

The only testimony adduced upon this point by the plaintiff was by the companion, Eustace, who says that both he and deceased boarded the car at Sixth avenue, and that he himself took a position on the platform against the left side of the dashboard, holding onto it, and that the deceased stood with his back against the body of the car on the opposite side, and that the last he noticed of the deceased was when the car crossed Broadway; the accident happening about 50 feet therefrom. When the jolt came the witness was thrown against the driver, and he did not see the deceased pitched from the car. An alarm was given, and the car very shortly stopped, and deceased was found with his leg pinned under the forward wheel. The witness does not describe in any manner how the deceased was standing with reference to bracing himself, or whether he had hold of any part of the car; and he gives no facts from which the jury could have inferred that the deceased was taking any precaution whatever. The plaintiff, therefore, failed to prove, as she was required to do, that the deceased was free from contributory negligence on his part, and to show any facts from which that fact could be inferred, and for that reason we think a new trial must be ordered.

There are other serious questions raised by the appellant; but, in view of our conclusion that another trial must be had, upon which they may not arise, we do not deem it necessary to consider them.

The judgment and order should be reversed, and a new trial granted, wtih costs to the appellant to abide the event.

O'BRIEN, P. J., and McLAUGHLIN and CLARKE, JJ., concur. INGRAHAM, J., concurs in result.