## STAPPERS v. INTERURBAN ST. RY. CO.

(City Court of New York, Trial Term. February, 1907.)

1. CARRIERS—CARRIAGE OF PASSENGERS—DUTY OF CARRIER—GATE AS AN "AP-
   PLIANCE."

   A gate on the side of the platform of a surface street car is an ap-
   pliance, within the rule requiring a carrier of passengers to exercise the
   utmost human skill, care, and foresight in the maintenance of its ap-
   pliances for the protection of its passengers.

   [Ed. Note.—For other definitions, see Words and Phrases, vol. 1, pp.
   455, 456; vol. 8, p. 7578.]

2. SAME—ACTIONS FOR INJURIES—QUESTION FOR JURY.

   Where a street car platform gate broke, and a passenger' fell off the
   car, whether the carrier exercised the utmost care in the maintenance of
   the gate was for the jury.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1315–
   1325.]

3. SAME—DUTY OF PASSENGER.

   A passenger is not called on to provide against a defective appliance,
   unless the defect is known to him, or under the circumstances should
   have been observed.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1370.]

4. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   The failure by a passenger standing on the rear platform of a street
   car to use precaution against loss of balance is not contributory negli-
   gence as a matter of law, where the cause of action is not based on neg-
   ligent operation, but on negligence in the maintenance of a gate on the
   platform, which broke and permitted the passenger to fall off the car.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1402.]

Action by Jas. A. Stappers against the Interurban Street Railway
Company. Verdict for plaintiff, and defendant moves to set the same
aside and to dismiss the complaint. Motion denied.

Joseph Radigan, for plaintiff.
Jas. L. Quackenbush, for defendant.

WADHAMS, J. Motion is made to set aside a verdict rendered
in favor of plaintiff and to dismiss the complaint. The complaint al-
leges that plaintiff was injured by reason of the negligent maintenance
of an appliance on one of the defendant's cars.

The plaintiff, a porter, employed by certain dressmakers and tail-
ors, testified: He boarded a north-bound car at Thirty-Fourth street
and Sixth avenue. The seats were all taken and people were stand-
ing in the aisles, the door was blocked, and there were people stand-
ing on the platform. He had a small carrying case with him, which
he put against the gate, between where he was standing and the gate.
He was standing on the rear platform, facing three-quarter cornered
toward the east, facing away from the gate. When the car was
between Thirty-Fifth and Thirty-Sixth streets he was thrown through
the gate. "After I fell out the gate was hanging on the body of
the car, not connected to the proper place where the hinges were.
It was loose, swinging. The hook of the gate was attached to the
car. The other end of the gate (the hinges) was swinging out on

the street." A passenger, a plumber, testified that he was on the back platform, where he saw plaintiff standing close to the gate and fall off the car. "The gate broke, and this man fell out of the car. The gate fell off and swung on the car. It was loose. The back part of the gate next the dashboard was swinging." The defendant offered no evidence.

The court, after charging the jury as to the general rules of law applicable to an action for damages by reason of negligence, and as to the care required by defendant in the operation of its car and the absence of negligence on his part which plaintiff must show before he could recover in any case, charged the jury concerning the degree of care required of the defendant in the maintenance of its appliances as follows:

"The defendant was required to exercise the utmost human skill, care, and foresight in the maintenance of its appliances for the protection of its passengers. * * * Carriers of passengers are not in every branch of their service held to the utmost accountability. They are not insurers; but the rule has not been relaxed as to the condition of the machinery or appliances upon cars used for the transportation of passengers. I charge you that this gate which is on the side of the platform of the car should not be considered as merely an incident to the proper duty of transportation, but that it is an appliance used in the very transportation itself. The question for you to determine is whether or not the injuries which were received were caused solely by careless maintenance of a defective or insufficient gate."

The defendant contends that this was error; that a gate upon a surface street car is not an appliance. The rule as stated is abundantly supported by authority. Bartnik v. Erie R. R., 36 App. Div. 246, 249, 55 N. Y. Supp. 266; Holbrook v. Utica & S. R. R., 12 N. Y. 236, 64 Am. Dec. 502; Morris v. N. Y. C. & H. R. R. R., 106 N. Y. 678, 13 N. E. 455; Breen v. N. Y. C. & H. R. R. R., 109 N. Y. 297, 16 N. E. 60, 4 Am. St. Rep. 450; Palmer v. Penn. Co., 111 N. Y. 488, 18 N. E. 859, 2 L. R. A. 252; Miller v. Ocean S. S. Co., 118 N. Y. 199, 23 N. E. 462; Palmer v. D. & H. C. Co., 120 N. Y. 170, 24 N. E. 302, 17 Am. St. Rep. 629; Stierle v. Union Ry., 156 N. Y. 70, 50 N. E. 419; Id., 156 N. Y. 684, 50 N. E. 834; Duhme v. Hamburg-Am. Packet Co., 184 N. Y. 404, 77 N. E. 386, 112 Am. St. Rep. 615. In Stierle v. Union Ry., 156 N. Y., at page 73, 50 N. E., at page 419, Judge Gray says:

"The obligation of carriers of passengers to exercise the highest degree of care which human prudence and foresight can suggest only exists with respect to those results which are naturally to be apprehended from unsafe roadbeds, defective machinery, imperfect cars, and other conditions endangering the success of the undertaking. In every case the degree of care to be exercised is dependent upon the circumstances, and if the accident is attributable to the existence of defects in the road or in the mechanical appliances availed of for the operation of the railroad, by reason of which there was a possibility of loss of life or limb to the traveling public, the strict rule requiring the highest degree of care and of human skill would be applicable."

In Duhme v. Hamburg-Am. Packet Co., 184 N. Y. 404, at page 409, 77 N. E. 386, at page 387, 112 Am. St. Rep. 615, the court says:

"If the plaintiff were a passenger, that relation would require the exercise of the utmost degree of care commensurate with the contract of carriage. It would render the defendant liable for the slightest neglect against such hu-

man prudence and foresight might have guarded as to results from defective conditions found to exist in machinery, appliances, or other matters essential to safety of operation. In all such cases the conditions may be such as to warrant the application of the rule of res ipsa loquitur."

If such a gate is within the definition of "defective machinery, imperfect cars, and other conditions endangering the success of the undertaking," it is within the rule requiring "the highest degree of care which human prudence and foresight can suggest." A gate on the side of an electric surface car is, in my opinion, an appliance. It is a part of the car attached to it by hinges, and, when shut, fixed at the other end by a hook. It is part of the machinery "availed of for the operation of the railroad." When the car is crowded, a defective gate may lead to most serious injury, and its improper maintenance cause "loss of life or limb to the traveling public." The condition of travel shown required the utmost care in the maintenance of the gates on the street cars of this city. A secure gate is "essential to safety of operation." Whether the company met this obligation was properly submitted to the jury. In Norris v. Brooklyn City R. R., 4 Misc. Rep. 294, 24 N. Y. Supp. 140, affirmed 143 N. Y. 666, 39 N. E. 21, it was held, where a crowded rear platform broke and a passenger was thrown to the street, that the question whether the platform was insecure and whether the defendant exercised the proper care in its maintenance were properly submitted to the jury, and that the motion to dismiss the complaint was properly denied.

The defendant further contends that a verdict should have been directed for the defendant because plaintiff failed to show proper precaution on his part and was therefore guilty of contributory negligence. There was no proof that the accident was caused by negligent operation of the car, and the jury was so instructed. Where the negligence alleged and proved is negligence in the management of the car it may be, as stated in Depew v. N. Y. City Ry., 112 App. Div. 260, 98 N. Y. Supp. 276, "that one standing upon an open platform owes to himself or his carrier some precaution, either by manner of standing or grasping some support, against losing his balance by any sudden motion of the car." But this case is not based upon negligent operation, but upon negligent maintenance of an appliance, to which a different rule must be applied. The failure to use precaution, when the passenger may do so, against loss of balance caused by a sudden motion due to careless operation, must necessarily by such negligence as contributes to the injury sustained. But failure on the part of a passenger to provide against loss of balance does not necessarily contribute to an injury due to a defective appliance. Taking hold would not prevent an injury caused, not by loss of balance, but by a defective gate. A passenger is not called upon to provide against a defective appliance, unless such defect is shown to have been known, or under the circumstances should have been observed, by him. The only precaution which could be taken against a concealed defect in an appliance would be to refrain from riding on the car. Lack of proof, therefore, that plaintiff took precaution against negligent operation, does not require that the com-

plaint be dismissed, or that a verdict be directed for the defendant, where the cause of action is based upon the defendant's negligence in maintaining an appliance. The question for the jury was, as charged, whether the defendant exercised the skill, care, and foresight in the maintenance of this appliance for the protection of its passengers required by law, and, if not, whether plaintiff's injuries were caused solely by such careless maintenance. The evidence concerning plaintiff's position and attitude was called to the attention of the jury, and it was instructed that he must have shown himself free from any contributory negligence and that the accident was caused solely by the negligence of the defendant. The action, in my opinion, was properly submitted to the jury.

Motion denied.